[L. A. No. 9585. In Bank.—May 28, 1928.]

A. BLOOMQUIST et al., Respondents, v. I. M. HALEY et al., Appellants.

Morris Abraham and Charles I. Rosin for Appellants.

D. K. Gault and Schweitzer & Hutton for Respondents.

CURTIS, J.—A hearing was granted by this court after decision by the district court of appeal in and for the second appellate district, second division, reversing the judgment in favor of respondents, and directing the entry of the following order: "It is directed that the order of the trial court granting a new trial be vacated, that said court enter a new judgment for the plaintiffs that they have possession of all of the furniture, fixtures and furnishings described in the complaint, and in the event that said property cannot be restored to plaintiffs upon the return of the writ of the sheriff so stating, then that plaintiffs have judgment against the defendants in the sum of $8,999.80, with interest from September 20, 1926, at the rate of seven per cent per annum, the amount due and unpaid upon the note and chattel mortgage covering said property, and interest, and for their costs." We are in accord with the action of the district court of appeal in reversing said judgment, but are of the opinion that said appellate court was without power or authority to make the order directing a judgment in favor of respondents as set forth above. The following portion of the opinion of said district court of appeal, written by Mr. Justice Craig, correctly expresses our views upon the questions therein considered, and we adopt the same as the opinion of this court:

"This appeal is from a judgment against the appellants giving the respondents possession of certain personal property, which is the subject of the suit, and damages for the value of said property. The action is one in claim and delivery, in the usual form. It is a companion case to *Haley* v. *Bloomquist*, No. 5519 (Cal. App.), 260 Pac. 569, and *Bloomquist* v. *Haley*, No. 5518 (Cal. App.), 260 Pac. 571. The opinion in the first of the two companion cases just named relates the principal facts referred to in the instant appeal.

"It appears that by the terms of the chattel mortgage mentioned in that opinion, on the first day of May, 1926, there became due the sum of $500. The defendants and appellants as assignees of the personal property were obligated to make this payment, but refused to do so. The chattel mortgage expressly provides that if the mortgagor shall fail to make any payment agreed to be made the mortgagees have the right to take possession of the mortgaged

property. Therefore, appellants' default gave the respondents the right to claim possession.

"Since the auction sale was void as against public policy (*Haley* v. *Bloomquist, supra*), we need not consider appellants' contentions in reliance upon that transaction.

"As in *Bloomquist* v. *Haley, supra,* the failure of the answer to deny the allegations of the complaint that the lease was assigned to T. E. Haley, as well as I. M. Haley, was an admission of the truth of that statement. With the pleadings in this condition the finding that Zeller assigned to both appellants was warranted.

"At the close of the trial judgment was rendered for plaintiffs and respondents for $25,000, in the event that the property covered by the chattel mortgage should not be restorable to them. There was no justification or basis for a judgment naming this sum. Later, on September 17, 1926, the court granted appellants' motion herein for a new trial; then, on September 20, 1926, the respondents having consented to a judgment for $8,999.80, the order granting a new trial was vacated and set aside, and the judgment modified in accordance with the stipulation. Respondents insist that the order made on September 17th was based upon an understanding that it should not take effect in the event that respondents consented to a modification of the amount of the judgment. The order is general in its terms, and the record contains nothing in support of this assertion. Without doubt the trial court exhausted its jurisdiction by granting the new trial, and the order made in attempting to vacate that order was void. (*Holtum* v. *Greif,* 144 Cal. 521, 524 [78 Pac. 11], and cases there cited; *Dorland* v. *Cunningham,* 66 Cal. 484 [6 Pac. 135].) No attempt was made to set the order aside upon a proper showing that it had been entered prematurely or by inadvertence, as was done in *Odd Fellows' Savings Bank* v. *Deuprey,* 66 Cal. 168 [4 Pac. 1173], or to correct it, as in *Garoutte* v. *Haley,* 104 Cal. 497 [38 Pac. 194]."

The trial court having exhausted its jurisdiction by granting a new trial, its subsequent order in vacating its order granting a new trial and in modifying the judgment previously rendered was without authority and was for that reason void. Nor has an appellate court under section 4¾ of article VI of the constitution, nor under section 956a of

the Code of Civil Procedure, any power or authority either to enter a judgment, or to direct the trial court to enter a judgment, in favor of either party to said action under the circumstances shown above. Upon the granting of the motion for a new trial the action stood in the exact condition in which it was before any trial thereof had been had, except that an appeal from said order might have been taken by the plaintiffs. For either the trial court or the appellate court thereafter and without the formality of a trial to enter a judgment therein would be to proceed without due or any process of law. There is nothing in the section of the constitution or the section of the Code of Civil Procedure above referred to which purports to give to an appellate court any such power or authority. ▮ While the purpose of section 956a of the Code of Civil Procedure is to enable the appellate courts to act so that ''Whenever possible causes may be finally disposed of by a single appeal and without further proceedings in the trial court,'' we are unable to construe this language as a grant of power to appellate courts either to enter or to direct the entry by a trial court of a judgment before the trial of the issues therein has been had or to deprive a party to an action of his right to a trial thereof before a judgment is entered against him. As the record stands in this case, all orders of the trial court made after the granting of the new trial are void and the same together with the judgment herein as modified are hereby reversed, and the action is remanded for a new trial.

Preston, J., Langdon, J., Richards, J., Waste, C. J., and Shenk, J., concurred.