[Civ. No. 8505. First Appellate District, Division One.—March 4, 1933.]

MANUFACTURERS' FINANCE CORPORATION (a Corporation), Appellant, v. PACIFIC WHOLESALE RADIO, INC. (a Corporation), Respondent.

MANUFACTURERS' FINANCE CORPORATION (a Corporation, Respondent, v. PACIFIC WHOLESALE RADIO, INC. (a Corporation), Appellant.

Dinkelspiel & Dinkelspiel and David K. Lener for Plaintiff and Appellant.

Willard P. Smith and William L. Southwell for Defendant and Appellant.

THE COURT.—Plaintiff filed two separate actions against defendant. The first was upon two drafts negotiable in form, called trade acceptances, each for $20,000, which were accepted by defendant. The drafts were made payable to Fried-Eiscmann Radio Corporation, a corporation, and transferred by it to plaintiff. The second action was for the recovery of $14,363.50, the unpaid balance of an open book account for goods, wares and merchandise sold and delivered to defendant by Fried-Eisemann Radio Corporation and by it assigned to the plaintiff. It was alleged that the transfers were for value and, as respects the acceptances, made before maturity. Defendant admitted the acceptance of the drafts but denied that the same were transferred to plaintiff before maturity or for value. The material allegations of the complaint in the second action were denied.

As defenses to each action defendant alleged identical set-offs or counterclaims as against the transferor aggregating the sum of $34,871.59. The actions arose out of the same transaction between the same parties, and by stipulation they were consolidated for trial. A jury returned a verdict in the first action in favor of plaintiff for $40,000, and in the second a verdict for the defendant against plaintiff for $14,363.50. Separate judgments were entered in accordance with the verdicts.

In the first action defendant filed a notice of its intention to move for a new trial, and a similar notice by plaintiff was filed in the second action. Each specified all the grounds provided by the statute, and following motions by the respective parties a new trial was granted in each case.

Plaintiff appealed from the order entered in the first action and defendant from that entered in the second.

The orders were in general terms, and neither contained a specification that the same was granted on the ground of the insufficiency of the evidence.

■ Where the order fails to so specify it must be presumed on appeal that it was not granted on that ground, and an appellate court is precluded from considering the question whether or not the evidence was sufficient to sustain the verdict unless it was insufficient in law. (*Yoakam* v. *Hogan*, 198 Cal. 16 [243 Pac. 21].)

The trial court after making the orders filed a written opinion stating his belief that the jury intended to deduct from plaintiff's claims the counterclaims mentioned, but became confused, and as a result failed to do so.

■ An opinion by the trial court is not part of the record on appeal (2 Cal. Jur., Appeal and Error, sec. 235, p. 488), and can only be used as an aid in discovering the processes by which the judgment was reached. (*Estate of Felton*, 176 Cal. 663 [169 Pac. 392].) ■ While formerly a new trial might have been granted by the court on its own motion when there was such a plain disregard by the jury of the instructions or the evidence as to satisfy the court that the verdict was rendered under a misapprehension of such instructions or under the influence of passion or prejudice (*Townley* v. *Adams*, 118 Cal. 382 [50 Pac. 550]), the power is now limited to the grounds enumerated in section 657 of the Code of Civil Procedure. (*Diamond* v.

*Superior Court,* 189 Cal. 732 [210 Pac. 36].) ■ Here there was some evidence tending to support the verdict in the first action, and the order granting a new trial in that case cannot be sustained on the ground that the evidence was insufficient as a matter of law.

■ In the second action, however, defendant's demands against the transferor could not be made the basis for an affirmative liability on the part of the plaintiff (23 Cal. Jur., Set-off and Counterclaim, sec. 38, p. 266), and the verdict in that respect was contrary to the instructions of the court. Consequently it was a verdict against law, and might be set aside on a motion for a new trial. (20 Cal. Jur., New Trial, sec. 82, p. 130.)

As to the first action there remains the question whether the order can be sustained on the ground that errors of law were committed during the course of the trial. In this connection the parties ·discuss certain instructions given and refused, it being plaintiff's claim that all instructions given at its request were proper. This is denied by defendant, which further contends that the court erroneously refused certain of its proposed instructions, and that the errors justified the trial court in granting a new trial in the first action.

■ Two instructions given at plaintiff's request are discussed in the brief. The first defined the rights of holders of negotiable paper and concluded with the following paragraph: "You are instructed that there are certain legal presumptions indulged in favor of negotiable trade acceptances to facilitate their use and negotiation: that they are presumed to have been accepted by defendant for a valuable consideration, and to have been purchased and endorsed to plaintiff for a valuable consideration, and that plaintiff took such trade acceptances in the usual course of business before maturity and for value, until the contrary is shown by defendant by clear and convincing evidence and such weight as to entirely dispel such presumption."

Every holder of a negotiable instrument is deemed *prima facie* to be a holder in due course (Civ. Code, sec. 3140); but it is contended that the portion of the instruction stating that the presumptions mentioned are indulged "until the contrary is shown by defendant by clear and convincing evidence and such weight as to entirely dispel such pre-

sumption" was erroneous, in that it required the defendant in order to overcome the *prima facie* case made by the presumption to adduce a higher degree of proof than the law demands. ■ As urged by defendant, a disputable presumption operates to shift the burden of introducing evidence and not the burden of proof generally, which rests upon the party having the affirmative of the issue and who must prove his case by a preponderance of the evidence. (10 Cal. Jur., Evidence, sec. 90, p. 785.) To meet the *prima facie* case created either by a disputable presumption or other evidence it is not necessary for a defendant to prove that the fact alleged and thus sought to be established by plaintiff is untrue, it being sufficient in order to entitle him to the decision that his evidence to the contrary be of sufficient weight to equally balance that of his adversary (10 R. C. L., Evidence, sec. 45, p. 897; *Valente* v. *Sierra R. Co.*, 158 Cal. 412 [111 Pac. 95]; *People* v. *Miller,* 171 Cal. 649 [154 Pac. 468]; *Scarborough* v. *Urgo,* 191 Cal. 341 [216 Pac. 584]); that is to say, that he has by his evidence to this extent impaired the *prima facie* quality of the case against him (22 Cor. Jur., Evidence, secs. 21, 22, pp. 76, 80; *Cohasset* v. *Moors,* 204 Mass. 173 [90 N. E. 978]). In this respect the first instruction was erroneous; but as to the second upon which error is also predicated, we find nothing therein prejudicial to the defendant.

■ With respect to the instructions offered by the defendant and refused, plaintiff alleged the transfer to it of the acceptances for value before maturity, and also a sale to it for value of the balance unpaid on the book account sued upon in the second action. To these defendant sought to offset counterclaims which it had against the transferor. It requested an instruction in effect that if there was a sale of the book account for an amount in cash, as claimed by plaintiff, and this transaction took place before the transfer of the trade acceptances mentioned, then there was no consideration for the latter transfer, and that plaintiff as to the acceptances was not a holder for value. .

Although evidence was introduced in support of plaintiff's allegations, and it was alleged that the acceptances were received by the original holder as part payment on the book account, nevertheless the question whether plaintiff was a transferee of the latter instruments for value was one

for the jury, and the offered instruction might properly have been given.

Defendant's offered instructions Nos. 14 and 16 were properly refused, and a discussion thereof would serve no useful purpose. The same is true of a fourth instruction numbered 20 which it proposed.

Numerous instructions were offered by both parties, some of which were given as requested; others were modified by the court and still others refused. All of these we have examined and find nothing upon which error can be predicated.

■ As stated, the cases were consolidated, and it would have been proper to have submitted the matter to the jury as one calling for a single verdict. (*Union Lumber Co.* v. *Simon,* 150 Cal. 751 [89 Pac. 1077, 1081]; *Stanton* v. *Superior Court,* 202 Cal. 478 [261 Pac. 1001]; *East Bay Municipal Utility Dist.* v. *Kiefer,* 99 Cal. App. 240 [278 Pac. 476, 279 Pac. 178].) Had this been done it is probable that the apparent confusion in the minds of the jurors would have been obviated. Nevertheless the defendant requested an instruction that the jury return separate verdicts. This being true, and such an instruction having been given, the error in this respect, if any, was invited by defendant, and it is not in a position to complain. (2 Cal. Jur., Appeal and Error, sec. 496, p. 846.) Moreover, it has been held that where no objection to the form of a verdict in such cases is made at the trial it cannot be taken subsequently. (*Hicks* v. *Coleman,* 25 Cal. 122 [85 Am. Dec. 103]; *Joerger* v. *Pacific Gas & Elec. Co.,* 207 Cal. 8 [276 Pac. 1017].)

■ While not conclusive on the question the fact that the verdict returned by the jury in the second case against the plaintiff was for the exact amount claimed as the balance unpaid on the book account, namely, $14,363.50, indicates, as the trial court said, that their minds were confused as to the evidence and law of the case. As shown by the voluminous record, the case was complicated, and it would not be surprising if either a court or jury should in the haste of a trial find difficulty in clearly understanding the facts. Under such circumstances any error in the instructions might readily have led to confusion and be prejudicial in its effect. Where such appears to have been the case much is committed to the discretion of the trial court, and

246

an abuse of such discretion must clearly appear before an order granting a new trial will be disturbed. (*Sheets* v. *Southern Pac. Co.*, 212 Cal. 509 [299 Pac. 71].) In the present case we feel satisfied that the conclusions of the trial court are fully sustained and that its orders corrected a probable miscarriage of justice.

The orders are affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 1, 1933.