[Civ. No. 1250. Fourth Appellate District.—May 10, 1933.]

DOMINGO QUEVEDO, a Minor, etc., Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

Swing & Swing for Petitioner.

W. E. Byrne for Respondents.

BARNARD, P. J.—Upon the application of petitioner, a writ of review was issued by the Supreme Court and made returnable before this court. It appears that the petitioner brought an action in the respondent court seeking to recover some $30,000 as damages for personal injuries alleged to have been caused by the negligence of the defendants in the action. The answer of the defendants denied negligence on their part and alleged contributory negligence on the part of the plaintiff. A jury returned a verdict in favor of the petitioner in the sum of $4,000 and judgment was entered accordingly. In due course the petitioner filed notice of intention to move "for a new trial of said action on part of the issues only, to-wit: on the issue of damages, upon the following grounds and for the following cause materially affecting the substantial rights of said plaintiff, to-wit: Insufficiency of the evidence to justify the verdict". It fully appears that no other notice of intention to move for a new trial was given by any of the parties to said action and that no other motion for a new trial was made or attempted to be made. After hearing petitioner's motion, as thus limited by the notice of intention, the court denied the same but granted a new trial upon all of the issues, the order made being as follows:

"The plaintiff's motion for a new trial upon the sole issue of damages is hereby denied, but a new trial is hereby granted as to all of the issues raised by the pleadings upon

the ground of the insufficiency of the evidence to sustain the verdict."

This proceeding seeks to annul that portion of this order granting a new trial as to all of the issues, as being void and one which the court had no jurisdiction to make.

■ The respondents earnestly contend that the court had power to make the order complained of, upon its own motion, and cites many cases from other jurisdictions. It was pointed out in *Diamond* v. *Superior Court*, 189 Cal. 732 [210 Pac. 36], that such authorities as these are of little value here, because of the difference in statutory regulations and rules of practice. The court there stated that the rule in this state is that the right to move for a new trial is statutory and must be pursued in the method provided in the statute, and it was held that the trial court had no inherent right to go outside of the statutory authority and grant a new trial for the reason that a transcript was not available, due to the death of the reporter. In *Prothero* v. *Superior Court*, 196 Cal. 439 [238 Pac. 357], it was held that the trial court was without power to grant a new trial where the notice of intention to move for the same was filed too late. In *Peters* v. *Anderson*, 113 Cal. App. 158 [297 Pac. 76], it was held that the trial court was without power to grant a new trial in the absence of the statutory notice of intention to move for the same, although the parties had stipulated that such a motion might be made. That a notice of intention to move for a new trial is necessary to confer jurisdiction on the trial court to consider the same, was held in *Ransome-Crummey Co.* v. *Superior Court*, 188 Cal. 393 [205 Pac. 446].

From these and other authorities which might be mentioned, it seems to be clearly established that since the repeal in 1915 of the former section 662 of the Code of Civil Procedure, a trial court has not the power to grant a new trial of its own motion but may do so only when proceedings therefor have been initiated through the request of one of the parties, in accordance with the statutory provisions.

■ This brings us to the question whether, under the 1929 amendment to section 657 of the Code of Civil Procedure, the application of one of the parties for a new trial on a part of the issues only, confers authority upon the court not only to pass upon the matter thus presented but to go

on and grant a new trial upon all of the issues, in the absence of any request therefor from any of the parties. Otherwise stated, the problem is whether the trial court, having no power to grant a new trial upon all of the issues in the absence of a request by one of the parties presented in the statutory manner, acquires authority to make such a general order, through the request of one of the parties, as now permitted by the statute, for a new trial upon part of the issues alone.

Prior to the amendment of section 657 in 1929, while a new trial could be granted only after a notice of intention was filed, it was well settled that, where the statutory foundation had been laid and a new trial asked for, the court had power to order a new trial generally or only in part and with respect to limited issues. In refusing a hearing in the case of *Donnatin* v. *Union Hardware & Metal Co.*, 38 Cal. App. 12 [175 Pac. 26, 177 Pac. 845], the Supreme Court, although asserting the right of a court in its discretion to order a new trial upon limited issues where a new trial generally had been requested, expressed doubt as to whether a party could, by moving for new trial on one issue alone, prevent the granting of. a new trial in general. At that time section 657 did not specifically give to a party the right to ask for a new trial on one issue alone. In 1929 the pertinent portion of this section was amended to read as follows:

"The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, . . . "

Theretofore the "application of the party aggrieved" had been held essential to give the court jurisdiction to make an order for a new trial. The amendment made no change in this situation, the only change being to provide that a verdict may be vacated in whole or in part and that a new or further trial may be granted on all or part of the issues. The amendment was not necessary to enable a court to grant a new trial upon one issue when a new trial in general had been applied for, as such procedure had long been upheld. It would seem that the only reasonable purpose of the amendment was to meet the suggestion made by the Supreme Court in refusing a hearing in *Donnatin* v. *Union Hardware & Metal Co., supra,* and to permit a party to avail himself of the

right to apply for a new trial upon part of the issues alone without reopening the whole case. And as the power of the court to act had previously been dependent upon the making of an application by the party aggrieved, the statutory right to make a restricted application clearly implies, in carrying out the purpose of the amendment, a corresponding limitation upon the order that might be made in connection therewith and based thereon.

There is a wide difference between a court giving a party something less than asked for, but included therein, and giving him something entirely apart from the thing asked for. The phrase "on the application of the party aggrieved" applies to the new provisions of the amended section as well as to the old. As amended, the section gives a party the right to apply for a new trial upon part of the issues instead of applying for a new trial in general, as before. It is the obvious purpose of the amendment to permit this very thing and the benefit of the amendment would be largely lost if, by so applying, a party opened the door to the same jurisdiction that would have been formerly conferred by a general application for a new trial on all of the issues. In our opinion, the statute·as amended means that a party may make application for a new trial upon all of the issues or upon one or more issues alone and that the court may pass upon the application and grant a new trial, either as a whole or in part, in accordance with the foundation laid by the application. No injustice can result to the opposing party, since he has the opportunity to himself ask for a new trial upon all of the issues. And if the court feels that the issues are so intermingled and blended that the trial of one or more of them separately might work an injustice, the partial new trial asked for may be denied and the case left in a position sufficiently satisfactory to the other party that he has not sought a new trial.

We conclude that under the circumstances here appearing the court was without authority to do more than to act upon the motion as made, and to grant or refuse a new trial upon the one issue referred to.

█ The respondent filed a motion to dismiss this proceeding upon the ground that the order complained of was appealable and that *certiorari* will not lie. The court made

an order upon the matter before it and thereafter made a further order, the latter being the only one that is here attacked. If our views upon the main questions presented are correct, the court had jurisdiction only to make its ruling upon the petitioner's motion for a new trial on one issue alone. Having done this, its further order was not only void (*Bloomquist* v. *Haley*, 204 Cal. 258 [268 Pac. 364]), but, having been entered after it disposed of the matter before it, and being an order not provided for in our procedure, it may be annulled on *certiorari* (*Stanton* v. *Superior Court*, 202 Cal. 478 [261 Pac. 1001]). It may be added that it appears upon the face of the proceeding that the order complained of was made after the court had passed upon the real question before it and in the absence of the jurisdictional steps required by the statutes (*Diamond* v. *Superior Court, supra*).

The respondents' motion to dismiss this proceeding is denied and that portion of the trial court's order granting a new trial on all of the issues is annulled.

Marks, J., and Jennings, J., concurred.