[Civ. No. 9333. First Appellate District, Division Two.—June 20, 1934.]

MABEL A. MITCHELL et al., Appellants, v. ESTHER PECK RASEY, Respondent.

Robertson, Crawford & Nichols for Appellants.

Sheridan, Orr, Drapeau & Gardner for Respondent.

NOURSE, P. J.—The plaintiffs sued to impress a trust upon certain property held by the defendant Rasey, as purchaser in a probate sale, and the defendant bank, as administrator.

The defendant Rasey is the widow of C. W. Rasey, deceased. The plaintiffs are daughters of the deceased by a former marriage. Under the terms of his will certain real properties situated in the county of Ventura were left to the widow and the two daughters in equal shares. At all times referred to in the litigation the plaintiffs resided in the state of Massachusetts and the defendant Rasey was a resident of Ventura County and was thoroughly familiar with the business and properties of the estate. One of the holdings of the estate consisted of a one-fourth interest in a large tract of land in the city of Ojai, the remaining portions of which were held by the former associates of the deceased. Sales were pending for subdivisions of this tract and these parties desired to have the one-fourth interest transferred from the estate to enable them to make quick sales and to avoid proceedings in the probate court. For this purpose an appraisement of the one-fourth interest in the sum of $3,500 was secured, a sale to the widow was effected at that price and confirmed by the probate court. On the trial of this action the trial court found that this appraisement was not the true or fair market value of the property and was not carefully made; that the reasonable market value of the property was not less than $9,500; that the true and reasonable value of the property was known to the defendant Rasey and was unknown to the plaintiffs; that the plaintiffs relied upon the representations made by defendant Rasey that said appraisement was carefully made, that said property had been fairly and accurately appraised, that said sale price was the fair market value of said property, and that the sale was for the best interest of the estate and the beneficiaries thereof; that the plaintiffs had no information regarding said sale except such as they received from the defendants and their attorneys; and that, solely by reason of and in reliance upon said representations, the said plaintiffs neglected to seek further information concerning the true value thereof.

As conclusions of law from these findings the trial court ordered that the plaintiffs have judgment against the defendant Rasey, declaring her to be a trustee of that portion of the property involved and directing her to account for the proceeds of any portions of the property sold after the interest was acquired by her, and also decreeing that she

held an undivided one-fourth interest in the property in trust for the benefit and use of the plaintiffs.

An interlocutory judgment was entered upon these findings on December 29, 1931, and thereafter the defendant Rasey filed an account showing that upon her purchase of the interest for $3,500 she had made a profit to date of $2,912. Upon the hearing of this account the trial court charged her with an additional profit and on May 18, 1932, entered a final judgment reaffirming its conclusions as to the trust and ordering defendant Rasey to pay specific amounts to the plaintiffs as profits theretofore made on the properties held by her. In both judgments it was ordered that the plaintiffs take nothing against the defendant bank.

On July 20, 1932, pursuant to a motion made by the defendants, the trial court in general terms granted them a new trial upon the ground that the judgment was against law and upon the further ground that the evidence did not support the judgment. From this order the plaintiffs filed a notice of appeal. On September 19, 1932, the trial court, pursuant to a notice theretofore given, entered its order vacating the judgment of May 23, 1932, and directed the defendant to prepare a new judgment and conclusions of law. On the same day amended conclusions of law were filed concluding that the defendant Rasey was owner of all the property involved and that neither of the plaintiffs had any right, title or interest in or to the same. On September 21st a final judgment was entered based upon these amended conclusions of law, wherein it was decreed that the defendant Rasey was the owner of the property free from any title or interest on the part of plaintiffs. From this judgment the plaintiffs have appealed upon a typewritten record.

█ The appeal from the order granting a new trial must be dismissed because, the action being in equity and one where a trial by jury is not a matter of right, an appeal does not lie within the provisions of section 963 of the Code of Civil Procedure.

█ The judgment appealed from must be reversed for two reasons. First, the trial court having granted a new trial in general terms "the action stood in the exact condition in which it was before any trial thereof had been had" (*Bloomquist* v. *Haley*, 204 Cal. 258, 261 [268 Pac. 364]), and thereupon the trial court exhausted its jurisdiction to

354

enter any other or further judgment. (*Holtum* v. *Grief,* 144 Cal. 521, 524 [78 Pac. 11]; *Bloomquist* v. *Haley, supra; Quevedo* v. *Superior Court,* 131 Cal. App. 698, 703 [21 Pac. (2d) 998].) It is immaterial that the notice of motion to vacate and to enter a different judgment was filed before the order granting a new trial was entered, just as it was immaterial in the Bloomquist case that the judgment entered after a new trial was granted was entered upon stipulation of the parties. Section 662 of the Code of Civil Procedure gives definite specifications of the powers of the trial court in proceedings of this kind. It may change or add to the findings, modify the judgment in whole or in part, vacate the judgment in whole or in part, and grant a new trial on all or part of the issues; but when a new trial has been granted in general terms and the order has not been shown to have been entered prematurely or by inadvertence, a subsequent order attempting to modify the judgment previously entered is without the jurisdiction of the court and void.

 The judgment must be reversed for another reason—it is not supported by any findings. Assuming for the purpose of argument only that the original findings are applicable to the said judgment notwithstanding the order granting a new trial, these findings do not support the judgment entered. The facts found present a typical case of extrinsic fraud within the rule of *Bacon* v. *Bacon,* 150 Cal. 477, 491 [89 Pac. 317]', *Monk* v. *Morgan,* 49 Cal. App. 154, 163 [192 Pac. 1042], and supporting cases. In *Monk* v. *Morgan,* the acts complained of were almost identical to those found to have occurred here—the representations on the part of the administrator and those concerned with the confirmation of the probate sale designed to lull the heirs into a sense of security and to prevent them from making a timely appearance in the probate court to contest the sale. The gravamen of the rule as stated in *Bacon* v. *Bacon, supra,* page 491, lies in the fact that the unsuccessful party has been prevented from exhibiting fully his case so that there has been no real contest at the trial or no fair submission of the controversy, nor is it any defense that the fact of the reasonableness of the appraisement was technically an issue upon the confirmation of the probate sale. As said in the Bacon case, page 491: "Where the unsuccessful party has been thus hindered he is not to be refused relief on the ground that the fact on which his defense or claim in the

original action depended, and by which he expects to bring about a different result in the new suit for equitable relief, was technically in issue in the original action or proceeding, or was necessarily decided by the court in that action and concluded by the original judgment beyond reach on collateral inquiry." (*Caldwell* v. *Taylor*, 218 Cal. 471 [23 Pac. (2d) 758].)

■ We are not in accord with appellants' argument that the interlocutory judgment was in fact a final judgment and, as such, binding on the parties in the absence of an appeal. That judgment directed an accounting between the parties to the litigation in very much the same manner as was done in *Middleton* v. *Finney*, 214 Cal. 523 [6 Pac. (2d) 938], where the earlier cases were reviewed and the judgment was held to be interlocutory and not appealable.

For these reasons the judgment is reversed. The appeal from the order granting a new trial is dismissed.

Sturtevant, J., and Spence, J., concurred.