[Civ. No. 10539.   Second Appellate District, Division One.—March 10, 1936.]

JOSEPHINE L. COOPER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Thomas B. Reed and L. G. Shelton for Petitioner.

Everett W. Mattoon, County Counsel, and Douglas De Coster, Chief Deputy County Counsel, for Respondents.

HOUSER, P. J.—By this proceeding petitioner seeks an order from this court by which a former order that was made

by the trial court will be annulled. The facts which give rise to the situation from which petitioner seeks relief in sub-stance are as follows:

On the trial of an action that was pending in the superior court, in one cause of action therein the jury returned a verdict in favor of the plaintiff therein (who is the petitioner herein) in the sum of $2,500; and on a second cause of action therein the jury returned a verdict, likewise in favor of the plaintiff, for the sum of $700. Thereafter the defendant in said action served and filed a notice of intention to move for a new trial,—the grounds of which, as were set forth in said notice, being all the grounds that are specified by the statute in such cases provided. The plaintiff, also, moved for a new trial as to the cause of action in which she had been awarded a verdict of $700, but limited the said motion for new trial to the issue of damages only. Following a hearing as to said motions, the trial court made the following order, to-wit:

"It is ordered that the motion for new trial made by the plaintiffs and the motion made by the defendants, both and each of them, are denied on the grounds set forth in the notices of the motion, for the reasons given in the written opinion filed herewith;

"It is further ordered and adjudged that by reason of the fact that the stenographic reporter at the time of the trial did not make a record of the instructions of the court as delivered to the jury and by reason of the fact that the instructions as read have been lost or destroyed and there is no way of recovering such instructions by reason of the inability of the stenographic reporter who participated at the trial to produce the court's instructions as delivered, judgment herein is hereby set aside and vacated and a new trial of the action is hereby ordered upon all of the issues as to both the plaintiffs and the defendants, including liability as well as damages, if any."

It thus becomes evident that as far as any statutory grounds for the granting of a new trial were concerned, each of the motions therefor was denied; but that solely because no stenographic record of the instructions that were given to the jury ever was in existence, and that the originals of those instructions had been lost or destroyed,—a new trial of the action was ordered.

■ On behalf of petitioner it is urged that in the premises the trial court had no power to grant the motion on a ground that was neither statutory, nor specified in the notice of such motion, or, in effect, of its own motion; and the authorities in that regard to which the attention of this court has been directed are in support of that contention. (*Quevedo* v. *Superior Court,* 131 Cal. App. 698 [21 Pac. (2d) 998], and authorities therein cited; *Manufacturers' Finance Corp.* v. *Pacific Wholesale Radio,* 130 Cal. App. 239 [19 Pac. (2d) 1013].)

■ Moreover, although not a part of the record herein, assuming the alleged fact to be true, to wit, that the original instructions that were given by the trial court to the jury had been inadvertently destroyed, and "that the stenographic reporter at the time of the trial did not make a record of the instructions",—in the absence of statutory provisions by which such facts or either of them might have been made a ground for new trial, neither of such facts furnishes a valid reason for an order by which a new trial might have been granted. (*Visher* v. *Webster,* 13 Cal. 58; *People* v. *Botkin,* 9 Cal. App. 244 [98 Pac. 861].)

Nothing contained in either the provisions of section 953e of the Code of Civil Procedure, or in the case of *Moore* v. *Specialty Oil Tool Co.,* 128 Cal. App. 662 [18 Pac. (2d) 882], that are cited by respondent herein, detracts from the several rulings in the cases hereinbefore cited.

Since from the record of the proceedings in this court it appears that the respondent has not answered the petition, but has filed a demurrer thereto, only, it is ordered that said demurrer be, and it is, overruled.

It is further ordered that the order by which the motion for new trial was granted, both as it may affect the plaintiff and the defendant in the action in the lower court, be, and it is, annulled.

York, J., and Doran, J., concurred.