[Civ. No. 16217.   Second Dist., Div. Two.   May 4, 1948.]

BERTHA B. SITKEI, Appellant, v. HELEN M. FRIMEL et al., Respondents.

Sprague & Sparks and Richard W. Sprague for Appellant.

Hahn, Ross & Goldstone and E. L. Saunders for Respondents.

WILSON, J.—Appeal from an order granting motion for new trial.

This is an action for partition of real property. Findings and interlocutory judgment were entered decreeing that plaintiff and defendant Frimel (hereinafter referred to as respondent) were the owners in fee of the property, each an undivided one-half interest, and ordering it to be sold and the proceeds divided equally between the parties after paying costs and expenses.

The interlocutory judgment was entered on March 26, 1947. On April 3, 1947, notice of entry of judgment was served and on the same day respondent served and filed a notice of intention to move for a new trial on six grounds, not however including the ground of newly discovered evidence. On April 25, 1947, respondent served and on April 28, filed "a notice of amendment to motion for new trial" stating that the motion would be made on the additional ground of newly discovered evidence material to the case and which respondent could not with reasonable diligence have discovered and produced at the trial. Accompanying the latter notice was an affidavit made on information and belief relating to the alleged newly discovered evidence. On May 2 and 5, additional affidavits were filed on behalf of respondent. On May 13, the court made an order granting the motion for new trial solely on the ground of newly discovered evidence. The order must be reversed for the several reasons hereinafter discussed.

(1) The court erred in considering the ground of newly discovered evidence. Section 659 of the Code of Civil Procedure provides that within 10 days after receiving notice of entry of judgment the party intending to move for a new trial must file and serve on the adverse party his notice of intention "designating the grounds upon which the motion will be made" and whether it will be made on affidavits or the minutes of the court or both, and that "The time above specified shall not be extended by order or stipulation."

The notice did not specify newly discovered evidence as one of the grounds on which the motion would be made. No affidavits whatsoever were filed within 10 days after the filing of the notice of intention. Nothing was done until 25 days after filing the notice, when, on April 28, the notice of amendment to motion for new trial was filed, adding the ground of newly discovered evidence.

The right to move for a new trial is statutory and unless the procedure prescribed by law is followed the right cannot be exercised when the opposing party offers objection. Strict construction is necessary in order that litigants may not lose their rights. (*Smith* v. *Ibos,* 22 Cal.App.2d 551, 553 [71 P.2d 847]; *Frye* v. *Pacific Freight Lines,* 27 Cal.App.2d 748, 750 [81 P.2d 1027].)

A defective notice of intention cannot be amended after the expiration of the statutory time for filing the notice since that would in effect extend the time allowed by law for giving such notice, and the court has no power to grant an extension. (*Little* v. *Jacks,* 67 Cal. 165 [7 P. 449]; *Smith* v. *Ibos, supra; Packer* v. *Doray,* 98 Cal. 315, 317 [33 P. 118]; *Union Collection Co.* v. *Oliver,* 162 Cal. 755, 757 [124 P. 435]; *Cooney* v. *Furlong,* 66 Cal. 520 [6 P. 388].) When specifications of errors on which the moving party relies are entirely omitted from the notice of intention they cannot be supplied after the expiration of the statutory time for filing the notice. (*Strange* v. *Strange,* 23 Cal.App. 281, 282 [137 P. 1104].)

Since the ground of newly discovered evidence was not specified in the original notice of intention and that ground was added by amendment filed after the expiration of the time within which the notice was permitted by section 659 of the Code of Civil Procedure to be filed such ground was not before the court and the granting of the motion on the ground specified in the order was beyond the jurisdiction of the court.

Respondent relies on *Stockett* v. *Henry,* 28 Cal.App. 45 [151 P. 150], which intimates that the court has discretion to permit the moving party to correct his notice of intention to move for a new trial. The proposed correction does not appear from the opinion. In that case the party asked leave of court to make the correction and in the instant case the amendment was filed without stipulation of the opposing party and without leave of court. Moreover a mere correction is quite different from the addition of new grounds for the motion. Cases from other jurisdictions will not be con-

sidered since the rule is established without exception in this state.

■ (2) The court erred in giving consideration to the affidavits relating to purported newly discovered evidence for the reason that they were insufficient to sustain the order even though the court had jurisdiction to consider the motion. Affidavits of one of counsel for respondent and by an attorney for respondent's son, who is not a party to the action, stated on information and belief that Hobart F. Frimel, the former husband of respondent, who had conveyed his interest in the property to appellant, was an enemy alien at the time of the transfer and that the conveyance was void because his interest in the property had been previously transferred to the Alien Property Custodian by a vesting order made under the laws of the United States. The affidavits are unavailing since the statements made on information and belief are not competent evidence. (*Kimic* v. *San Jose-Los Gatos etc. Co.*, 156 Cal. 379, 396 [104 P. 986] ; *Gay* v. *Torrance*, 145 Cal. 144, 151 [78 P. 540] ; *People* v. *Feld*, 149 Cal. 464, 478 [86 P. 1100].) There are no affidavits that neither respondent nor her other counsel were not, prior to the trial, possessed of the evidence as to the status of Mr. Frimel.

■ (3) The court erred in acting on the so-called newly discovered evidence since the record shows that it was known to respondent and her counsel at the trial. Respondent testified that prior to the time that she and Mr. Frimel were divorced, which preceded the trial of this action, her husband told her he was leaving her. She was asked if she "notified the F.B.I." She replied, "Only when I went to Mr. Frimel with a paper showing that I would have to be repatriated, to sign a contract which would enable me to hold a position." Obviously respondent herself knew at the time she was testifying that Mr. Frimel was not a subject of the United States, otherwise there was no need for her repatriation. If her counsel were not previously advised of her husband's lack of citizenship they received the information from her testimony. Since that evidence was a part of the record of the trial it was before the court when the motion for a new trial was heard and showed that the purported newly discovered evidence was already known to respondent and to the attorneys who made the affidavits.

■ (4) The court erred in considering the affidavits because they were filed too late. Since they were not filed within 10 days after service of the notice of intention to move for a

new trial and since no extension of time for filing them was granted either by stipulation of the parties or by order of court they could not serve as a basis for the motion. (Code Civ. Proc., § 659a; *Hicks* v. *Ocean Shore R. R. Inc.*, 18 Cal.2d 773, 789 [117 P.2d 850]; *Strange* v. *Strange, supra,* p. 284; *Morris* v. *Purity Sausage Co.*, 1 Cal.App.2d 120 [36 P.2d 126].)

The order granting the motion for a new trial is reversed.

Moore, P. J., and McComb, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 1, 1948.