[Civ. No. 7114. Fourth Dist. Sept. 20, 1963.]

ANNETTE S. McFARLAND, Plaintiff and Respondent, v. BILL LEE KELLY, Defendant and Appellant.

Jacobs, Jacobs, Nelson & Witmer and M. Lyle Nelson for Defendant and Appellant.

Murphy & Donahue and Fred G. Cunard for Plaintiff and Respondent.

GRIFFIN, P. J.—This action arose out of an automobile accident in which defendant ran into the rear of plaintiff's car. At the trial, the jury found defendant liable, but awarded plaintiff only $2,000 damages. Plaintiff moved for a new trial and the court granted the motion.

The principal conflict in the evidence at the trial concerned plaintiff's injuries. It was established that shortly after the accident plaintiff was suffering from manifestations of a whiplash injury when she noticed a swelling on her neck under her chin about the size of a walnut. The swelling and her whiplash injury caused her some discomfort and she lost time from her work. The swelling was finally removed by an operation. It was found to be a goiter. There was a conflict in the testimony of the doctors as to whether the goiter was attributable to the accident.

On the other hand, the evidence as to the amount of plaintiff's damages was not controverted. She spent $1,249 for medical treatment and she lost time to the extent of about $1,610 on account of her injuries, the goiter and the subsequent operation. Thus, her total out-of-pocket loss was $2,859. Of course, there was a dispute as to whether all of these expenses were caused by the accident.

Plaintiff's notice of intention to move for a new trial specified, among other grounds, "inadequacy of damages awarded" as a ground for new trial, but made no specific mention of "insufficiency of the evidence." However, the memorandum of points and authorities in support of her motion for

new trial, which was filed with the notice of intention to move for new trial stated:

"This plaintiff respectfully urges her motion on the three (3) following grounds:...

"........................................................

"3. Insufficiency of evidence, or the verdict is against the law...."

The trial court specified, in the order granting a new trial, "insufficiency of the evidence" as the ground upon which the motion for new trial was granted.

Defendant contends that "inadequacy of the damages awarded" is not a ground upon which a California court can grant a new trial. It is also urged that since "insufficiency of the evidence" was not set forth as a ground in the notice of intention or notice of motion, the court is barred from granting a new trial upon this ground, under Code of Civil Procedure, section 659. (Citing such authority as *Bray* v. *Rosen,* 167 Cal.App.2d 680 [335 P.2d 137]; *McCulloch* v. *Superior Court,* 91 Cal.App.2d 641 [205 P.2d 689]; *Cooper* v. *Superior Court,* 12 Cal.App.2d 336 [55 P.2d 299]; *Sitkei* v. *Frimel,* 85 Cal.App.2d 335 [192 P.2d 820].)

Plaintiff urges that defendant's argument that the document containing mention of the grounds relied upon must contain a title in accordance with the wording of the statute tends to place form over substance; that the statute does not really specify the full extent and wording of a notice of intention to move for a new trial; and where the procedure utilized actually affords reasonable notice to the opposing party as to the grounds relied upon, the requirements of the statute have been fulfilled.

The general rule is that a trial court has no power to grant a motion for a new trial on a ground that is neither statutory nor specified in the notice of such motion, or, in effect, of its own motion. (*Cooper* v. *Superior Court, supra,* 12 Cal.App.2d 336.) A defective notice of intention to move for a new trial cannot be amended after expiration of the statutory time for filing the notice, since that would in effect extend the time allowed by law for giving such notice, and the court has no power to grant an extension. (*Sitkei* v. *Frimel, supra,* 85 Cal.App.2d 335.) In effect it holds that an amended notice may be filed within the time.

In *Bray* v. *Rosen, supra,* 167 Cal.App.2d 680, this court held that the ground set forth in a notice of intention to move for a new trial, as " 'inadequate damages, appearing to

have been given under the influence of passion or prejudice,' '' is not in accordance with the statute and may be reached only under the ground of '' 'insufficiency of the evidence to justify the verdict and judgment and that they are against the law.' '' However, in that case the trial court failed to specify insufficiency of the evidence as a ground for granting a new trial and this court said, at page 685: ''. . . the failure of the trial court to specify insufficiency of the evidence as a ground for granting a new trial forecloses the appellate court from considering that as a ground. . . . no particular words or language is required if the nature of the order itself is such that it can reasonably be construed as including insufficiency of the evidence.'' It is then said that: ''Unfortunately for plaintiff's contentions, however, it will be seen from the procedural facts hereinbefore related that the motion in the case at bar was for a new trial on the ground of damages only and cited as the reasons therefor five different grounds, among which was insufficiency of the evidence. Thus, in the case at bar, there is no possible means by which this court can accurately say that the trial court in its purely generalized order did not base its order on misconduct of the jury or errors in law occurring at the trial, and excepted to by the party making the application.'' The order granting a new trial was therefore reversed.

*Sinz* v. *Owens*, 33 Cal.2d 749 [205 P.2d 3, 8 A.L.R. 2d 757], involved the opposite situation to that here presented. The notice prescribed ''insufficiency of the evidence'' as a ground for a new trial, and the court granted the motion upon the ''issue of damages'' alone. The Supreme Court held that this was a sufficient order to support the consideration of the appellate court in considering the evidence. See also *Koyer* v. *McComber*, 12 Cal.2d 175 [82 P.2d 941]. ▮ It is true that no specific statutory provision authorizes the setting aside of a verdict because of inadequate damages. (*Benjamin* v. *Stewart*, 61 Cal. 605.)

''. . . It is now accepted that where the trial court grants a motion for new trial because of inadequacy of the damages awarded, it acts on the broad ground of insufficiency of the evidence to justify the verdict.'' (36 Cal.Jur.2d § 99, p. 285.) See also *Belyew* v. *United Parcel Service,* 49 Cal.App.2d 516 [122 P.2d 73]. In *Dreyer* v. *Cyriacks,* 112 Cal.App. 279, 283 [297 P. 35], it was held that where the trial court grants a new trial on the ground that the verdict is excessive, its declaration does not necessarily mean that the trial court was of the opinion that the verdict was the result of passion or

prejudice, but it is susceptible to the interpretation that the trial court was not satisfied that the extent of the damage suffered by plaintiff was supported by the evidence adduced on that phase of the case.

In the instant case, one of the grounds for new trial set forth in the notice of intention to move for new trial was that the damages awarded were inadequate, which denomination would indicate that the evidence was insufficient on this ground. In addition thereto, plaintiff submitted therewith a document entitled ''Memorandum in Support of Motion for New Trial,'' which plaintiff claims with considerable merit, constituted but one pleading, which, when construed together, evidenced plaintiff's intention to move for a new trial on the ground of insufficiency of the evidence.

A notice of intention to move for new trial requires that the grounds for the motion be set forth to apprise the court and opposing counsel of the basis of the motion. In this particular case, rather than using the shotgun procedure of listing all possible grounds upon which a new trial may be made, counsel determined in his memorandum, and by that memorandum spelled out the ground of insufficiency of the evidence and limited the presentation to three specific grounds, namely:

''1. Misconduct of the jury ...;

''2. Damages were given under the influence of passion or prejudice ...; and

''3. Insufficiency of evidence, or the verdict is against the law....''.

These three specific grounds were stated and argued to the trial court and were the same grounds to which defendant's points and authorities in opposition to a motion for new trial relate. Therein defendant set forth certain evidence which he claimed sufficiently supported the verdict in the lesser amount. The purpose of all noticing procedures in the Code of Civil Procedure appears to be to ensure that the procedure utilized actually affords reasonable notice to the opposing party. Thus defendant cannot now contend that, at the hearing of the motion for a new trial, he was unaware that plaintiff intended to argue this question. Although Code of Civil Procedure, section 659, was amended in 1959, it might appear that *Bauer* v. *Helene Curtis Industries, Inc.,* 117 Cal.App.2d 66 [254 P.2d 931], might set forth the law applicable to this particular section as it now reads. The court there said: ''...the principle is

sound that when the adverse party has been given due notice that such a motion will be made and is fully apprised of the grounds to be urged the jurisdiction of the court is complete.'' We conclude that the trial court had jurisdiction to grant a new trial on the ground of insufficiency of the evidence.

Order affirmed.

Coughlin, J., and Stone, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.