[Cîv. No. 39765. First Dist., Div. Three. Dec. 2, 1976.]

PAULINE SMITH, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
LINDA POWELL, Real Party in Interest.

**COUNSEL**

Jageman & McGraw and William E. Jageman for Petitioner.

No appearance for Respondent.

Fabris & Ring and David D. Ring for Real Party in Interest.

**OPINION**

**EMERSON, J.\***—In this opinion, petitioner will be referred to as defendant, and the real party in interest as plaintiff.

In a jury trial below, plaintiff was awarded a judgment of $2,100 in an action for damages for personal injuries. Neither party moved for a new trial within the 15-day period allowed for such motion. (Code Civ. Proc., §§ 659, 663a.)[1]

Because defendant had made an offer before trial to allow judgment to be taken against her in the amount of $4,000, she moved to tax certain costs claimed by plaintiff. (See § 998.) At the hearing on this motion, the

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]Except as noted, all statutory references are to the Code of Civil Procedure.

court announced, without prior notice to either party, that it intended to grant a new trial in the action. The announcement was made more than 15 days after the notice of entry of judgment was mailed. The order granting a new trial having been filed, defendant seeks a writ of mandate commanding the court to set it aside. ■ We conclude that the court was without jurisdiction to make the order, that the order is void and that a writ of mandate should issue as prayed for.

It is important to note at the outset of our discussion that the order here at issue is not one granting a judgment notwithstanding the verdict; nor is it an order granting relief under section 473, or any other statute except that authorizing a new trial. Insofar as statutory law applies, it is clear that a court is given no power to grant a new trial except as provided by the Code of Civil Procedure. There must be a motion by the party aggrieved (§ 657); the motion must be made within 15 days of the mailing of the notice of entry of judgment, and must designate the grounds upon which it will be argued (§ 659); and there must be a hearing upon the motion (§ 660). None of these requirements was complied with in the instant case.

It has long been held that the power to grant a new trial may be exercised only by following the statutory procedure and is conditioned upon the timely filing of a motion for new trial. (*Ransome-Crummey Co.* v. *Superior Court* (1922) 188 Cal. 393 [205 P. 446]; *Diamond* v. *Superior Court* (1922) 189 Cal. 732 [210 P. 36]; noted with approval: *Quevedo* v. *Superior Court* (1933) 131 Cal.App. 698, 700 [21 P.2d 998]; *Cooper* v. *Superior Court* (1936) 12 Cal.App.2d 336, 338 [55 P.2d 299]; *Ellis* v. *Klaff* (1950) 96 Cal.App.2d 471, 480 [216 P.2d 15]; *City of Santa Barbara* v. *Superior Court* (1966) 240 Cal.App.2d 612, 614 [49 Cal.Rptr. 798]; 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 45, p. 3621.)

Faced with these authorities, plaintiff seeks support from some cases which have upheld the inherent power of a court to grant orders other than that for a new trial, and, in particular from the case of *Jacuzzi* v. *Jacuzzi Bros., Inc.* (1966) 243 Cal.App.2d 1 [52 Cal.Rptr. 147]. In *Jacuzzi* plaintiff's motion for sanctions for failure to comply with a discovery order was granted. A default was entered as to the first cause of action after defendants' answer was stricken. Plaintiff thereupon dismissed all other causes of action and had judgment entered on the first. Following defendants' compliance with a conditional order to allow discovery and

post security for the amount of judgment, the court vacated judgment, set aside the default and reinstated the answer. The Court of Appeal upheld the order.

In his treatise on California procedure, Mr. Witkin interprets *Jacuzzi* as standing for the proposition "that the trial court has inherent power to grant a new trial, in the form of a 'vacating order' where compelling circumstances . . . call for a hearing on the merits." (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 46, p. 3622.) The factual situation in *Jacuzzi* was entirely different from that in the case at bench, and the decision can be distinguished from the instant case in many particulars.

To begin with, the motion in *Jacuzzi* was made, in title and form, wholly different from a motion for new trial, and was never regarded by the trial judge or counsel as such. (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 46, p. 3622.)

Second, the *Jacuzzi* order was made in response to a noticed motion which was fully heard by the court.

Third, the *Jacuzzi* order could not have been one for a new trial, since the case had not been tried. The *Jacuzzi* court did not go so far as Witkin in interpreting its holding. The court states, at page 24: "Until the judgment became final the court could properly review and modify its order for sanctions. In so doing it could vacate the judgment which itself was dependent on that order." In the present case, the trial court was reviewing no previous order or motion, but was hearing arguments on the unrelated cost bill.

In view of our disposition, it is unnecessary to discuss other points raised by the parties.

Let a peremptory writ of mandate issue, commanding the trial court to vacate and set aside its order granting a new trial.

Draper, P. J., and Scott, J., concurred.

A petition for a rehearing was denied December 31, 1976, and the petition of the real party in interest for a hearing by the Supreme Court was denied January 27, 1977.