[Civ. No. 62754. Second Dist., Div. Five. June 24, 1982.]

BETTY J. WAGNER et al., Plaintiffs and Respondents, v.
EILENE R. SINGLETON, Defendant and Appellant.

**COUNSEL**

Hill, Genson, Even, Crandall & Wade, William R. Lowe and William F. Zulch for Defendant and Appellant.

Eric Bryan Seuthe for Plaintiffs and Respondents.

OPINION

**STEPHENS, Acting P. J.**—This is an appeal from an order granting new trial.

Following a jury trial, a judgment in favor of defendant-appellant was entered on September 30, 1980, and notice of such entry mailed October 1st. On October 10, within the statutory period allowed, plaintiffs-respondents served a notice of intention to move for a new trial. The only ground specified in the notice was "insufficiency of evidence to justify the verdict." However, on October 24, 1980, respondents served and filed a memorandum of points and authorities in support of their motion which alleged an additional ground for the motion, that of "irregularity in the proceedings of the adversary party preventing the aggrieved party from having a fair trial and materially affecting his substantial rights."

In the order granting the new trial, the trial court specified "prejudicial misconduct of counsel" as the ground upon which the motion for new trial was granted.

Appellant contends that a trial court has no power to rule on a ground not specified in the notice of intention to move for a new trial. We agree and shall reverse the order granting a new trial.

The grounds upon which a motion for a new trial can be granted are set forth in section 657 of the Code of Civil Procedure. It provides in part: "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury or adverse party
. . . .

". . . . . . . . . . . . . . .

"6. Insufficiency of the evidence to justify the verdict or other decision . . . ."

The time period for making a motion for new trial under section 657 is regulated by Code of Civil Procedure section 659. That section states

in relevant part: "The party intending to move for a new trial must file with the clerk and serve upon each adverse party a notice of his intention to move for a new trial, designating the grounds upon which the motion will be made . . ., either

"1. Before the entry of judgment; or

"2. Within 15 days of the date of mailing notice of entry of judgment by the clerk of the court . . . .

"Said notice of intention to move for a new trial shall be deemed to be a motion for a new trial on all the grounds stated in the notice."

Section 659 further provides that the time period for filing will not be extended by either "order or stipulation."

■ This right to move for a new trial is a creature of statute and the procedure prescribed by law must be closely followed. (*Ehrler* v. *Ehrler* (1981) 126 Cal.App.3d 147, 151 [178 Cal.Rptr. 642]; *Smith* v. *Superior Court* (1976) 64 Cal.App.3d 434, 436 [134 Cal.Rptr. 531]; *Sitkei* v. *Frimel* (1948) 85 Cal.App.2d 335, 337 [192 P.2d 820].) Strict construction of the statute ensures protection of the litigant's rights. (*Sitkei* v. *Frimel, supra*, 85 Cal.App.2d at p. 337.) Accordingly, the motion for new trial can only be granted on a ground specified in the notice of intention to move for a new trial. (*Malkasian* v. *Irwin* (1964) 61 Cal.2d 738, 745 [40 Cal.Rptr. 78, 394 P.2d 822]; *Sitkei* v. *Frimel, supra*, 85 Cal.App.2d at p. 337.)

■ In the instant case, respondents' notice of intention to move for new trial specified only "insufficiency of the evidence to justify the verdict" as the ground upon which the motion for new trial was made. The minute order granting the motion *indicates that it was granted on the ground of "prejudicial misconduct of counsel."* Construing section 659 strictly, *it is apparent that the ground stated in the order granting the new trial was not specified in the notice of intention to move for a new trial.* The trial court was, therefore, lacking the jurisdiction necessary to grant the motion.

Any attempt by respondents to argue that the subsequent serving and filing of the memorandum of points and authorities in support of the motion for new trial fits within the judicially created exceptions to the statutory mandate also must fail.

In *Galindo* v. *Partenreederei M.S. Parma* (1974) 43 Cal.App.3d 294 [117 Cal.Rptr. 638], the jury returned a verdict for plaintiff on December 12, 1972. Plaintiff filed a notice of intention to move for a new trial on December 19 listing nine grounds, none of which included the ground of inadequate damages. On December 22, plaintiff filed a declaration in support of the motion adding the new ground of inadequate damages. In affirming the order of the trial court granting the motion for new trial on the ground of inadequate damages, the court stated: "The declaration of plaintiff's attorney, which was submitted three days later and within the time for notice of motion for new trial, made clear that the issue of inadequate damages was being raised." (*Id.*, at p. 301.)

In *McFarland* v. *Kelly* (1963) 220 Cal.App.2d 585 [33 Cal.Rptr. 754], the jury found for plaintiff in an automobile collision case, but awarded plaintiff only $2,000 in damages. Plaintiff's notice of intention to move for a new trial specified "inadequacy of damages awarded" as a ground for new trial, but made no mention of "insufficiency of the evidence." Along with the notice, plaintiff filed a memorandum of points and authorities which alleged "insufficiency of the evidence" as a ground. The trial court, in the order granting a new trial, specified "insufficiency of the evidence" as the ground upon which the motion was granted.

In affirming the lower court's order, the *McFarland* court stated: "A defective notice of intention to move for a new trial cannot be amended *after* expiration of the statutory time for filing the notice, since that would in effect extend the time allowed by law for giving such notice, and the court has no power to grant an extension. [Citation.] In effect it holds that an amended notice may be filed within the time." (*Id.*, at p. 587, italics added.)

Both *McFarland* and *Galindo* are factually distinguishable from the case at bar. Those cases concerned amendments to the notice of intention to move for a new trial *within* the statutory time limit. The facts here clearly show that notice of entry of judgment was mailed by the clerk of the court on October 1, 1980. Respondents filed and served their memorandum of points and authorities in support of the motion for new trial on October 24, 1980.

Taking judicial notice of the October 1980 calendar (Evid. Code, §§ 452, subd. (h); 459, subd. (a)(2)), and applying sections 12, 12a and 12b of the Code of Civil Procedure, we find the filing of the memoran-

dum of points and authorities was clearly beyond the 15-day time limit mandated by Code of Civil Procedure section 659. Therefore, this case falls outside the above exceptions and, as stated above, the trial court had no power to act on the motion.

In light of our holding that the notice of motion was defective and the subsequent order granting a new trial was void, we decline to address the other contentions raised by the parties. Accordingly, the order of the trial court granting a new trial is reversed and the judgment is reinstated.

Ashby, J., and Hastings, J., concurred.