[No. C063783. Third Dist. June 2, 2011.]

RYAN LEE COLLINS, a Minor, etc., Plaintiff and Respondent, v.
SUTTER MEMORIAL HOSPITAL, Defendant and Appellant.

4

## COUNSEL

LaFollette, Johnson, DeHaas, Fesler & Ames, Louis H. DeHaas, Jr., Barry Vogel, Casie M. Roussas; Greines, Martin, Stein & Richland, Martin Stein, Barbara S. Perry and Kent J. Bullard for Defendant and Appellant.

Jay-Allen Eisen Law Corporation, Jay-Allen Eisen, Elizabeth N. Niemi; Bostwick Peterson & Mitchell and Jeffrey Scott Mitchell for Plaintiff and Respondent.

## OPINION

**MURRAY, J.**—Ryan Lee Collins, a minor, sued Sutter Memorial Hospital (Sutter), alleging medical malpractice. The trial court granted Sutter's motion for summary judgment and entered a defense judgment. The trial court later granted Collins a new trial and vacated the judgment, finding summary judgment had been granted in error. Sutter appeals. The appeal lies. (Code Civ. Proc., § 904.1, subd. (a)(4).)[1]

---

[1] All further undesignated statutory references are to the Code of Civil Procedure.

On appeal, Sutter does not attack the substantive merits of the new trial order. Instead, Sutter principally contends the order granting a new trial must be reversed both because it was entered after the trial court lost jurisdiction to act and because the order specified a different ground than that stated in Collins's notice of intent to move for a new trial.

We reject Sutter's claim that the trial court lost jurisdiction to act on Collins's motion for a new trial. We also conclude that although Collins's counsel cited the wrong ground for a new trial in the notice of intent, the timely memorandum in support of the motion notified Sutter of the correct ground. Sutter was not at all misled. Indeed, Sutter's opposition to Collins's motion for new trial addressed the issues underlying the correct ground, and there is no indication Sutter would have done anything differently had the correct ground been stated in the notice of intent. Accordingly, the trial court did not err by basing its new trial order on this ground.

Therefore, we shall affirm.

## PROCEDURAL BACKGROUND

Because Sutter does not challenge the substance of the trial court's order granting Collins's motion for new trial, which in effect denied Sutter's summary judgment motion, we omit the factual details adduced on summary judgment.

The complaint alleged Sutter nursing staff mishandled Collins's natal treatment, causing him injuries.[2]

After it answered the complaint, Sutter moved for summary judgment, producing evidence that its staff acted within the standard of care. Collins opposed the motion, relying on ·a declaration by nursing expert Roberta Durham, Ph.D., detailing purported failings by Sutter nursing staff. Sutter objected to Dr. Durham's declaration, in part arguing that the records Dr. Durham stated she had reviewed were not properly authenticated, and that her declaration failed to show Sutter nursing staff acted below the standard of care.

In his opposition, Collins stated Sutter had submitted all the relevant medical records and Collins was "comfortable" relying on those records. However, Dr. Durham's declaration had not explicitly stated that she relied on the medical records submitted with Sutter's motion.

---

[2] The treating physician was an independent contractor, not an agent of Sutter. Collins settled his claims against the doctor and her medical group, and they are not parties to this appeal.

On August 7, 2009,[3] Judge Loncke issued a tentative ruling sustaining Sutter's objections. The matter was argued in front of Judge Loncke on the same day. After taking the matter under submission, Judge Loncke ordered that Collins could file an amended declaration by Dr. Durham. Judge Loncke's order reads as follows: "No later than August 17, 2009, [Collins] may file and serve an amended declaration by [Dr.] Durham, in compliance with CCP 2015.5. The declaration may be amended only with respect to what medical records and deposition testimony she reviewed. If, for example, [Dr.] Durham relied on the medical records and deposition testimony [Sutter] filed in support of its motion, she may so state. The declaration may not otherwise be amended. [¶] No later than August 24, 2009, [Sutter] may file and serve an objection to [Dr.] Durham's amended declaration."

On August 13, Collins filed Dr. Durham's amended declaration. Copies of the medical records Dr. Durham reviewed were attached to the amended declaration. Dr. Durham declared that these records were "true and correct cop[ies]," but the records did not include an authenticating declaration from Sutter's custodian of records.

On August 21, Sutter filed an objection to the amended declaration and attached records, objecting on the same grounds previously asserted.

On August 26, Judge Loncke issued a minute order affirming the August 7 tentative ruling, noting that Dr. Durham's amended declaration was still defective. Judge Loncke concluded, "[Dr.] Durham's statement that she attached 'true and correct copies' of defendant's medical records is insufficient to authenticate those records. As a result, there is still no admissible evidence before the court upon which [Dr.] Durham bases her expert opinion. . . . [A]n expert opinion without 'evidentiary support has no evidentiary value.' "

On September 4, the court issued an order granting Sutter's motion for summary judgment.

On September 10, Sutter served on Collins a notice of entry of the order granting summary judgment. In the notice, Sutter referred to the order as a "judgment."[4]

---

[3] All events discussed in this opinion occurred in 2009.

[4] The text of Sutter's notice of entry of order reads in pertinent part: "PLEASE TAKE NOTICE that *judgment* was entered in this matter on September 4, 2009. A true and correct copy of said *judgment* is attached hereto as Exhibit A." (Italics added.)

On September 25, Collins filed a notice of intent to move for a new trial. Collins's notice of intent also mistakenly referred to the order granting summary judgment as a "judgment."[5]

The sole statutory ground stated in Collins's notice of intent was that "the decision is against law" as provided by section 657, *subdivision 6.*

On September 30, Judge Chang entered judgment in favor of Sutter and against Collins.

On October 5, Collins moved to vacate the judgment pursuant to section 663.

Also on October 5, Collins filed a memorandum in support of his motions for a new trial and to vacate the judgment. In noting that a new trial motion is a proper vehicle for challenging a grant of summary judgment, Collins cited the "against law" ground set forth in section 657, subdivision 6. Substantively, he argued it had not been necessary to authenticate the records Dr. Durham reviewed because they provided foundational facts established by Sutter's moving papers, and were self-authenticating. This substantive argument was labeled, "The Court's Decision Is Legally Erroneous." Collins concluded his argument by saying "[t]he court's decision is against law *and the product of legal error.*" (Italics added.)

On October 20, Sutter served notice of entry of judgment on Collins.

On October 22, Sutter filed its opposition to Collins's motion for a new trial. Sutter argued the summary judgment had been granted based on two independent grounds related to Dr. Durham's declaration, the procedural ground of lack of foundation and the substantive ground that it did not establish a breach of the standard of care.

Sutter also argued in its written opposition that the new trial motion was defective because the only ground specified in the notice of intent was that the judgment was "against law," and that ground did not cover the error described by Collins's memorandum of points and authorities in support of the motion. Yet, Sutter also argued: "In any event, the trial court is expressly enjoined by article VI, section 13 of the California Constitution 'from granting a new trial for *error of law* [under section 657, subdivision 7] unless such error is

---

[5] In pertinent part, the text of Collins's notice of intent to move for new trial reads: "PLEASE TAKE NOTICE THAT Plaintiffs Ryan Lee Collins by and through his guardian ad litem, Jenipher Collins, intends to move the court pursuant to Code of Civil Procedure § 657 to set aside the *judgment entered on September 10, 2009,* on the order granting summary judgment and to grant a new trial." (Italics added.)

prejudicial.' [Citation.]" (Italics added.) Sutter then argued that because Judge Loncke sustained its objection that Dr. Durham's opinion on the standard of care was inappropriately conclusory, that was an independent ground of decision, and that any error related to the authenticity objection was harmless.

On October 28, Collins filed a reply in which he explicitly argued the "[e]rror in law" ground provided by section 657, subdivision 7. Collins's counsel also represented that an amendment to the notice of intent to move for a new trial *had been filed* "to add the ground of error in law." He argued this formal amended notice was timely. However, Collins's counsel now concedes on appeal that no such amended notice was ever filed.

In his reply, Collins also responded to Sutter's assertion that Dr. Durham's declaration was too conclusory, first contending that Judge Loncke had rejected that assertion after oral argument on the summary judgment motion and then detailing how Dr. Durham described the conduct of Sutter's nurses that fell below the standard of care.

On November 9, Judge Culhane heard oral argument on the motion for a new trial and the motion to vacate the judgment. Judge Loncke was unavailable. (See § 661.) Collins argued that Judge Loncke had found Dr. Durham's declaration would be sufficient to raise a triable issue of fact regarding a breach of the standard of care if the documents she had relied on were properly authenticated.[6] Collins pointed out that Judge Loncke's August 7 tentative ruling allowed a limited, technical amendment to Dr. Durham's declaration, which would have been a "useless act" had the declaration not been substantively sufficient to raise a triable issue. Counsel for Sutter, who had not been present at the August 7 hearing, speculated that Judge Loncke simply wanted to give Collins a chance to correct the "procedural . . . mistake" and establish that his expert relied on authenticated records. Sutter then argued the amended declaration was substantively deficient, contending again that Dr. Durham's declaration was too conclusory to present a triable issue of fact on the standard of care.

After Judge Culhane stated he would take the matter under submission, Collins's counsel told the court that because the notice of intent to move for a new trial had been filed on September 25, the last day to grant the motion was November 24, 60 days later. Sutter did not object to this statement or otherwise state its current position that the last day was the very day this hearing took place, November 9.

On November 18, Judge Culhane issued a minute order granting Collins's motions. On the authentication issue, Judge Culhane determined that the

---

[6] The August 7 hearing before Judge Loncke was not reported by a court reporter.

medical records upon which Dr. Durham relied were properly authenticated. On the issue of whether Dr. Durham's opinion on the standard of care was conclusory, Judge Culhane found Judge Loncke would not have allowed a technical amendment to Durham's declaration if the court had been inclined to otherwise exclude the declaration on the ground that the doctor's opinions were too conclusory. Noting that the new trial motion required him to "independently review the record and determine whether summary judgment was properly granted," Judge Culhane found Dr. Durham's declaration "passes muster <u>but just barely</u>," in that, liberally construed, it raised a triable issue by stating "what the standard of care required and how [Sutter's] nurses allegedly failed to meet it." "Since this Court concludes that Dr. Durham's declaration is sufficient, albeit just barely, to create a triable issue of fact, it follows that the granting of summary judgment here was erroneous. Accordingly, pursuant to Code of Civil Procedure §662 and §663, this Court exercises its power (1) to vacate both the order granting defendant's motion for summary judgment and the judgment entered in defendant's favor, and (2) to return this matter to the civil active list."

Judge Culhane's order directed Collins's counsel to prepare a formal order. In a letter dated November 19, Collins's counsel correctly pointed out that the court itself had to prepare the order. (§ 657; see *Mercer v. Perez* (1968) 68 Cal.2d 104, 113 [65 Cal.Rptr. 315, 436 P.2d 315].) Counsel for Collins also told the court the last date for the trial court to enter an order granting a new trial would be November 24, although the reasons supporting the new trial order could be filed "within 10 days after filing the order."

Sutter did not respond to the assertions in the letter, and Sutter never informed the trial court that it was of the opinion that the last day to rule on the new trial motion was actually November 9, the day the motion was argued.

On November 24, exactly 60 days after Collins filed his notice of intent to file a new trial motion, Judge Chang issued a minute order granting the motion for a new trial "upon the ground that the earlier summary judgment resulted from an error in law" under section 657, subdivision 7. The record does not explain why Judge Chang, instead of Judge Culhane, issued this order. However, Sutter does not raise any claim regarding Judge Chang making the final order granting a new trial.

Sutter timely filed this appeal.

## DISCUSSION

### I. Timeliness of the Order Granting a New Trial

■ An order granting a new trial must be made within the 60-day period provided by section 660. (*Sanchez-Corea v. Bank of America* (1985) 38 Cal.3d 892, 899–905 [215 Cal.Rptr. 679, 701 P.2d 826] (*Sanchez-Corea*).) Resolution of the issue with which we are presented in this case turns on identifying the event that triggered the 60-day clock.

Sutter contends the September 10 notice of order granting summary judgment was the triggering event. Sutter argues that the September 4 order granting summary judgment was the " 'rendition of judgment,' " notice of entry of which triggered the 60-day clock for the trial court to rule on the new trial motion. If the September 10 notice of entry of the summary judgment order triggered the 60-day period, the new trial order should have been issued on or before November 9, and the new trial orders issued on November 18 and 24 were untimely. Section 660's time limits are mandatory and jurisdictional. "[A]n order made after the 60-day period purporting to rule on a motion for new trial is in excess of the court's jurisdiction and void." (*Siegal v. Superior Court* (1968) 68 Cal.2d 97, 101 [65 Cal.Rptr. 311, 436 P.2d 311].)

Collins contends the 60-day period was not triggered until he filed his notice of intent to move for a new trial on September 25. Therefore, the November 18 and November 24 new trial orders were timely. We agree with Collins.

As we shall explain, the order granting summary judgment was the "rendition of judgment" for purposes of ensuring the motion for new trial was not prematurely filed under section 659, subdivision 1. However, notice of entry of that order was not the same as notice of entry of a judgment that triggers the 60-day period to rule on a new trial motion under section 660.

Three possible event triggers for starting the 60-day clock are set forth in section 660. Section 660 provides in relevant part, "the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of

the court." (§ 660, 3d par.) The clerk did not provide notice of entry of judgment in this case. It is the second and third event triggers with which we concern ourselves, and the resolution of this case ultimately turns on the third event trigger, the notice of intention to move for a new trial.

■ Section 659 provides that a party must file a notice of intention to move for a new trial, and allows the party to do so either "1. Before the entry of judgment; or [¶] 2. Within 15 days of the date of mailing notice of entry of judgment by the clerk . . . or service upon him by any party of written notice of entry of judgment, or within 180 days after the entry of judgment, whichever is earliest." But the motion "cannot be made until there is a decision in the case. The statutory scheme on new trials makes it quite evident that a new trial is not proper until the action has been prosecuted to a point where it can be said to be complete." (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 458 [20 Cal.Rptr. 321, 369 P.2d 937] (*Auto Equity*).)

■ As this court explained in an earlier case: "Section 659 allows a notice of motion to be filed prior to the entry of the judgment. . . . But as Witkin states, 'The phrase "before the entry of judgment" is obscure, misleading and a dangerous trap for the uninformed attorney.' [Citation.] Section 656 . . . defines a new trial as 'a re-examination of an issue of fact in the same court after a *trial and decision* by a jury, court or referee.' (Italics added.) Section 657 states that, 'The verdict may be vacated and any other decision may be modified or vacated in whole or in part' upon a motion by the 'party aggrieved.' Case authority holds that until there has been a decision there is no aggrieved party." (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 152 [178 Cal.Rptr. 642] (*Ehrler*).)

■ It is now settled that a notice of intent may not be filed until there has been a dispositive ruling. (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 55, p. 641.) "A notice of intention to move for a new trial is 'premature' and void if filed before there has been a 'trial and decision.' (Code Civ. Proc., § 656.) As succinctly stated by Witkin, 'That "decision" is the *rendition of judgment* by the *verdict* of the jury or the signed and filed *findings* of the court.' " (*Auto Equity, supra*, 57 Cal.2d at p. 460, italics added by *Auto Equity*; see 8 Witkin, *supra*, Attack on Judgment in Trial Court, § 57, p. 642.)

The parties agree that, "In the context of a motion for summary judgment, . . . rendition of judgment occurs when the written order granting summary judgment is entered." (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 195 [26 Cal.Rptr.3d 790] (*Sole Energy*); see 8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 56,

pp. 641–642.) The parties agree the court rendered judgment when the order granting summary judgment was entered on September 4. This ruling allowed Collins to file the notice of intent "[b]efore the entry of judgment" as provided by section 659, subdivision 1, without his notice of intent being deemed premature. (*Sole Energy, supra*, 128 Cal.App.4th at p. 195.)

Sutter relies upon *Sole Energy* for the proposition that the written order granting summary judgment triggers the 60-day clock. But, as stated by *Gardenswartz v. Equitable etc. Soc.* (1937) 23 Cal.App.2d Supp. 745, 754 [68 P.2d 322] (cited in *Sole Energy, supra*, 128 Cal.App.4th at p. 195): "The order for summary judgment cannot be regarded as in itself a judgment, as appellant contends. It directs what the judgment shall be and amounts to the rendition of judgment, but it is not itself the judgment." Thus, to the extent Sutter reads *Sole Energy* to mean a summary judgment order equates to a judgment for *all* purposes, Sutter reads too much into it. The court in *Sole Energy* merely held a ruling on summary judgment was sufficient to avoid the prematurity trap created by the "[b]efore the entry of judgment" language of section 659, subdivision 1.

Sutter points out that Collins referred to the September 4 order granting summary judgment as a "judgment." The fact that Collins mislabeled the order granting summary judgment a "judgment"—as did Sutter in its notice of entry of that order—does not make it a judgment. "A typical immaterial mistake is a reference, in the statement of grounds, to the 'judgment' rather than the 'decision,' or, where the case was tried by the court, to the 'verdict' rather than the 'decision.' Mistakes of this type do not affect the sufficiency of a notice that distinctly informs the adverse party that a new trial is being sought." (8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 50, p. 636.)

Sutter also points out that the notice of intent was filed on September 25, 15 days after notice of entry of the September 4 order, and that 15 days is the period specified in section 659, *subdivision 2* for moving for a new trial after entry of judgment. Sutter contends that this shows Collins treated the order granting summary judgment as a judgment. It may be that Collins mistakenly thought the 15-day period provided by section 659, *subdivision 2* also applied to section 659, *subdivision 1*, which does not state any period of time in which to file a notice that is made "[b]efore" judgment. Or it could be that Collins mistook the order granting summary judgment for a judgment, focusing on Sutter's reference to the order as a judgment. Or it may have been a coincidence that the notice was filed 15 days after the order. But even if Collins was mistaken about the nature of the summary judgment order, that does not change what it was.

Collins correctly argues that an order *rendering* judgment is not itself a judgment. He relies in part on cases, such as this court's opinion in *Modica v. Merin* (1991) 234 Cal.App.3d 1072 [285 Cal.Rptr. 673] (*Modica*), distinguishing a nonappealable order granting summary judgment from an appealable judgment. Section 660 does not speak in terms of a ruling or order, appealable or otherwise.

■ When the notice of entry of judgment has been served after the notice of intent to move for a new trial, it is the notice of intent to move for a new trial that serves as the operable trigger for the 60-day clock, not notice of the judgment. (§ 660; see *Bunton v. Arizona Pacific Tanklines* (1983) 141 Cal.App.3d 210, 213–217 [190 Cal.Rptr. 295] [trial court lost jurisdiction because new trial order was made 63 days after filing of notice of intention to move for a new trial and 56 days from mailing of notice of entry of judgment by the clerk; clerk's mailing of notice of entry of judgment does not restart the 60-day clock]; *In re Marriage of Liu* (1987) 197 Cal.App.3d 143, 151 [242 Cal.Rptr. 649] [§ 660 "unambiguously provides that the filing of the first notice of intention to move for a new trial is the operative event for determining the 60-day period where notice of entry of judgment 'has not *theretofore* been given' " (italics added by *Liu*)]; 8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 73(3), p. 659.)

Here, the notice of intent to file a new trial motion was filed on September 25. The orders of November 18 and 24 were therefore timely, as they were made within the 60-day period provided by section 660.

■ Sutter contends the legislative policy calling for prompt determinations of new trial motions militates in favor of construing section 660 to encompass a notice of entry of rulings. We see nothing ambiguous in section 660 to construe. If the language of a statute is clear and unambiguous, there is no need for construction. (*Niles Freeman Equipment v. Joseph* (2008) 161 Cal.App.4th 765, 780 [74 Cal.Rptr.3d 690].) "A party demonstrates [statutory] ambiguity by tendering an alternative candidate of meaning, that is, a grammatically plausible reading of the language at issue." (*Ibid.*) As seen above, section 660 refers to three events that can trigger the 60-day period, mailing of notice of entry of "judgment" by the clerk, service of notice of entry of "judgment" by a party, "or, if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial." The Legislature did not use the word "ruling" or "order" in either the first or second event trigger. Nor did the Legislature use the term "rendition of judgment." The word "judgment" was used. In defining the third event trigger, the one at issue in this case, the Legislature omitted any reference to a "judgment," in obvious recognition of the fact that some motions for a new trial will be filed before judgment as allowed by section

659, subdivision 1. Reading a ruling or order granting summary judgment to be synonymous with a judgment would render subdivision 1 of section 659 a dead letter. ■ Construction of a statute that would render it a dead letter is disfavored. (*Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 375 [17 Cal.Rptr.3d 39] [canons of statutory construction " 'generally preclude judicial construction that renders part of the statute "meaningless or inoperative" ' "].)

■ Sutter also contends that the judgment following the order granting summary judgment is a mere formality. This may be true, but it does not change the fact that the first two triggering events defined by section 660 speak of notice of a *judgment*, not rulings or orders. While an order granting summary judgment may be the "rendition" of judgment, such that the losing party is aggrieved and may move for a new trial without running afoul of the prematurity trap, it is not a "judgment" and does not trigger the 60-day deadline.

■ In the reply brief, Sutter relies on section 664.5, subdivision (d). We do not ordinarily address such belated arguments. (*Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 808 [241 P.2d 639].) Nevertheless, we will put this new argument to rest. Subdivision (d) of section 664.5 states the court can order the clerk to mail notice of entry of "any *judgment or ruling*, whether or not appealable." (Italics added.) Sutter argues that if the court ordered service of notice of entry of an order granting summary judgment, that order would trigger the 60-day period. We disagree.

As highlighted by the italicized text above, section 664.5, subdivision (d) actually distinguishes between judgments and rulings, it does not equate the two. And we note that section 664.5, subdivision (c) defines a judgment for purposes of that statute to include any "signed order from which an appeal lies." No appeal lies from an order granting summary judgment. (*Modica, supra,* 234 Cal.App.3d 1072.)

■ Construing the word "judgment" as used in section 660 to encompass nonappealable orders would add a concept to that section that was not written into the statute by the Legislature. As this court recently emphasized, " 'In the construction of a statute . . . the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . .' (§ 1858; see *Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 826–827 [4 Cal.Rptr.2d 615, 823 P.2d 1216] [referring to 'the cardinal rule that courts may not add provisions to a statute'].)" (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 184 [114 Cal.Rptr.3d 619].) "The Legislature has the power

to rewrite section 660 if it so desires, but we are not at liberty to do so." (*Dodge v. Superior Court* (2000) 77 Cal.App.4th 513, 522 [91 Cal.Rptr.2d 758].)

Moreover, applying Sutter's unique and unprecedented construction of section 660 would be unfair to Collins and anyone else who relied on the plain meaning of sections 660 and 659. This is especially true since Sutter raised no objection at the November 9 hearing when counsel for Collins advised Judge Culhane that the deadline for granting a new trial was tied to the September 25 notice of intent to move for a new trial, making the last day to grant the motion November 24. Nor did Sutter object when counsel for Collins reminded the court in its letter of November 19 that the court was statutorily mandated to prepare the order and that the last day to do so was November 24.

Finally, Sutter argues in the reply brief that "Case law uniformly holds that the event that triggers the section 659 deadline for bringing a new trial motion also triggers the section 660 deadline for ruling on it." Sutter cites three cases in support of this claim. *Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265 [135 Cal.Rptr.2d 654, 70 P.3d 1067], states that notice of entry of judgment triggered the deadlines of sections 659 and 660 even where proof of service has not been filed with the clerk. (*Palmer*, at p. 1278.) Similarly, the other two cases state that when the prevailing party serves notice of entry of judgment, the time within which a new trial motion may be made and granted begins to run. (*Cowee v. Marsh* (1958) 50 Cal.2d 240, 243 [324 P.2d 553]; *McCordic v. Crawford* (1943) 23 Cal.2d 1, 5 [142 P.2d 7].) These cases correctly state that notice of entry of judgment may start both the 15-day clock for filing the notice of intent to move for a new trial under section 659, subdivision 2 and the 60-day clock for ruling on the motion under section 660. But these cases do not involve or discuss a notice of intent filed *before* judgment as permitted by section 659, *subdivision 1*, and do not plumb the ensuing disconnect between sections 659 and 660, as illustrated by this case. Cases are not authority for propositions not considered. (*Hart v. Burnett* (1860) 15 Cal. 530, 598.) Therefore we reject Sutter's contention.

Accordingly, because the trial court's orders of November 18 and 24 were made within 60 days of the notice of intent filed on September 25, they were timely made. (See § 660.)

## II. Wrong Ground

A new trial order "can be granted only on a ground specified in the motion." (*Malkasian v. Irwin* (1964) 61 Cal.2d 738, 745 [40 Cal.Rptr. 78,

394 P.2d 822].) The right to move for a new trial is a creature of statute and the procedure prescribed by law must be closely followed. (*Ehrler, supra,* 126 Cal.App.3d at p. 151.) Normally, "[s]trict construction of the statute ensures protection of the litigant's rights." (*Wagner v. Singleton* (1982) 133 Cal.App.3d 69, 72 [183 Cal.Rptr. 631] (*Wagner*).) Sutter contends the new trial order in this case must be reversed because it relied on a ground not stated in Collins's notice of intent to move for a new trial.

Although Collins's counsel specified the wrong ground in the notice of intent to move for a new trial, we conclude no basis for reversal is shown. Collins timely apprised Sutter of the correct ground, and Sutter addressed the correct ground in its opposition to the new trial motion. Sutter's rights were preserved. As will be seen, this case fits within a well-settled judicially created exception to the statutory mandate that the ground for new trial be specified in the notice of intent.

Section 657 partly provides that a new trial may be granted "for any of the following causes, materially affecting the substantial rights of such party: [¶] . . . [¶] 6. Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is *against law.* [¶] 7. *Error in law,* occurring at the trial and excepted to by the party making the application." (Italics added.)

 "A verdict or decision that 'is against law' is ground for a new trial. [Citations.] While this phrase could support an interpretation that would include nearly all the other grounds for the motion, its application has been sharply limited to situations not covered by other subdivisions of C.C.P. 657. The motion is available mainly in two situations: (a) an improper verdict [citation]; (b) a defective statement of decision [citation]." (8 Witkin, Cal. Procedure, *supra,* Attack on Judgment in Trial Court, § 41, p. 627; see *Sanchez-Corea, supra,* 38 Cal.3d at p. 906.)

Sutter contends the "against law" ground could not be used to attack a summary judgment ruling unless the claim was that the summary judgment movant had not met its initial burden of proof, which is not the claim Collins made. Collins disputed the scope of the "against law" ground in the trial court, but does not do so on appeal. We agree with Sutter that the "against law" ground would not support an attack on the summary judgment order herein.

 "Such ground is to be distinguished from the confusingly similar seventh ground furnished by . . . § 657, subdivision 7, namely, 'error in law.' " (*McCown v. Spencer* (1970) 8 Cal.App.3d 216, 229, fn. 3 [87 Cal.Rptr. 213].) Under this ground, a trial court may grant a new trial if "its original

ruling, as a matter of law, was erroneous." (*Ramirez v. USAA Casualty Ins. Co.* (1991) 234 Cal.App.3d 391, 397 [285 Cal.Rptr. 757]; see 8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 44, pp. 629–631.) A case cited by Collins applies this ground to the erroneous grant of summary judgment based on a mistake about the adequacy of an opposing expert's declaration. (*Tortorella v. Castro* (2006) 140 Cal.App.4th 1, 7–13 [43 Cal.Rptr.3d 853].) Sutter does not argue that the "error in law" ground would *not* provide a legal basis for Collins's attack on the summary judgment order if timely presented.

The sole ground specified in Collins's September 25 notice of intent to move for a new trial was that the decision was "against law" as provided by section 657, subdivision 6. He also filed a motion to vacate the judgment, "on the ground of incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts." (See § 663, subd. 1.)

Collins provided arguments on both motions in his October 5 memorandum of points and authorities. He did not limit his arguments to one motion or the other. Rather, he asserted those arguments in support of both motions. Collins stated the decision was against law, citing section 657, subdivision 6, consistent with his notice of intent. But *substantively*, as we have explained, Collins argued it had not been necessary to separately authenticate the records Dr. Durham reviewed. Under the general heading, "The Court's Decision Is Legally Erroneous," Collins detailed how the records reviewed by Dr. Durham matched the records tendered by Sutter in support of Sutter's summary judgment motion, and argued "simple comparison shows that the records Dr. Durham reviewed to support her opinion are the same records produced by Sutter and authenticated by [a Sutter employee]." Collins concluded by arguing the records relied on by Dr. Durham "are adequately authenticated, both by defendant's own moving papers and by the contents of the documents. [¶] The court's decision is against law *and the product of legal error*." (Italics added.)

In its written opposition to Collins's new trial motion and during argument at the hearing on the motion, Sutter argued that summary judgment had been granted based on two independent grounds for faulting Dr. Durham's declaration, the procedural ground of lack of foundation and the substantive ground that it did not establish a breach of the standard of care.

In its written opposition (but not during argument at the hearing on the motion), Sutter argued that Collins's new trial motion was defective because the only ground specified in the notice of intent was the "against law" ground. However, Sutter also went on to argue in its written opposition that the trial court could not grant a new trial absent a showing of prejudice: "In

any event, the trial court is expressly enjoined by article VI, section 13 of the California Constitution 'from granting a new trial for error of law [under section 657, subdivision 7] unless such error is prejudicial.' [Citation.]" Sutter argued Judge Loncke had found Dr. Durham's declaration was too conclusory, an independent ground of decision, making any error regarding the declaration harmless: "Therefore, plaintiff cannot obtain a new trial based on any supposed *legal error* regarding authentication." (Italics added.) Sutter reiterated this argument during the hearing on the motion.[7]

Thus, Sutter's written and oral opposition cited and discussed the ground provided by section 657, subdivision 7—legal error. Sutter's opposition shows it understood the *substantive* argument Collins was making, albeit under the wrong rubric, in his new trial motion.

In his reply memorandum on the new trial motion, Collins explicitly argued the "[e]rror in law" ground provided by section 657, subdivision 7, and mistakenly asserted that he had amended his notice of intent to allege that ground. Yet, during the November 9 hearing, Sutter did not voice the objection now pressed on appeal. In fact, the issue of whether Collins's notice of intent to move for a new trial and subsequent motion stated the correct statutory ground was not raised by either party at the November 9 hearing.

After the November 9 hearing, Judge Culhane issued an order granting Collins's motion for a new trial. Judge Culhane found Dr. Durham's declaration was adequate to raise a triable issue of fact and therefore Judge Loncke erroneously granted summary judgment. Thereafter, Judge Chang issued a later order granting the motion "upon the ground that the earlier summary judgment resulted from an error in law" under section 657, subdivision 7.

Witkin explains that the grounds of a motion for a new trial may be amended after the first notice is filed: "Generally, a motion for new trial can

---

[7] Sutter's argument that Dr. Durham's opinion was too conclusory did not prevail. First, Judge Culhane rejected Sutter's argument that Judge Loncke had not reconsidered his tentative ruling on this theory. We agree that it is unlikely that Judge Loncke would have put Collins to the task of authenticating the records if he had not changed his view on whether Dr. Durham's opinion created a triable issue of fact on the standard of care. Having Collins authenticate the records if he would not have prevailed on the standard of care issue would have been a waste of Collins's time and an unnecessary consumption of court time and resources. In any event, after considering Sutter's written and oral arguments on this issue and construing the Durham declaration liberally, Judge Culhane determined that the declaration was sufficient, albeit "just barely," to raise a triable issue on the standard of care. The affidavits and declarations of the moving party are strictly construed and those of the opposing party must be liberally construed. (*Mann v. Cracchiolo* (1985) 38 Cal.3d 18, 35 [210 Cal.Rptr. 762, 694 P.2d 1134].) " '[D]oubts as to the propriety of summary judgment should be resolved against granting the motion.' " (*Id.* at pp. 35–36.)

be granted only on a ground specified in the notice of intention to move. [Citation.] However, if the notice omits a ground, it may still be considered by the court if it is asserted in another document, such as the memorandum of points and authorities. [Citation.] For the court to grant the motion, the correct ground must be supplied before the filing period for the notice of intention to move has expired." (8 Witkin, Cal. Procedure, *supra*, Attack on Judgment in Trial Court, § 50, pp. 636–637.)

Several cases have held a notice of intent may be amended by a document filed within the period for filing the notice, because that gives the opponent timely notice of the new ground and an opportunity to address that ground. (See *Galindo v. Partenreederei M.S. Parma* (1974) 43 Cal.App.3d 294 [117 Cal.Rptr. 638] ["defendant was in no way misled . . ." (*id.* at p. 301) and "thoroughly discussed the issue" (*id.* at p. 302)]; *Girch v. Cal-Union Stores, Inc.* (1968) 268 Cal.App.2d 541, 549 [74 Cal.Rptr. 125] [moving papers made new ground "known to defendant"]; *McFarland v. Kelly* (1963) 220 Cal.App.2d 585, 589–590 [33 Cal.Rptr. 754] (*McFarland*); cf. *Wagner, supra*, 133 Cal.App.3d at pp. 73–74.)

Although Sutter construes some of these cases narrowly and seeks to distinguish them on their facts, the rule these cases adopt reflects common sense. "The purpose of all noticing procedures in the Code of Civil Procedure appears to be to ensure that the procedure utilized actually affords reasonable notice to the opposing party. Thus defendant cannot now contend that, at the hearing of the motion for a new trial, he was unaware that plaintiff intended to argue this question. . . . '. . . the principle is sound that when the adverse party has been given due notice that such a motion will be made and is fully apprised of the grounds to be urged the jurisdiction of the court is complete.' " (*McFarland, supra*, 220 Cal.App.2d at pp. 589–590, quoting *Bauer v. Helene Curtis Industries, Inc.* (1953) 117 Cal.App.2d 66, 68 [254 P.2d 931].)

After Collins filed his notice of intent on September 25, he was required to file his supporting memorandum within 10 days. (Cal. Rules of Court, rule 3.1600(a).) He met that deadline by filing his memorandum on October 5. That memorandum timely apprised Sutter of the correct ground of the motion, to which Sutter *actually* replied. Sutter was clearly on notice of the correct ground intended by Collins. Sutter had the opportunity to make a substantive legal reply to it, and took advantage of that opportunity by addressing the issues in its opposition to the new trial motion.

The summary judgment motion focused on two issues related to Dr. Durham's declaration, authenticity of the records upon which she relied and the purported conclusory nature of her opinion. Both issues were argued by Sutter in its written opposition and during oral argument on the motion for

new trial. Sutter did not complain during oral argument before the trial court that it was somehow prejudiced by the failure of Collins to state the correct ground in his notice of intent. Nor does Sutter claim prejudice now. Indeed, Sutter cannot now say what it would have done differently, had Collins stated the correct ground—error in law—in his notice of intent, instead of arguing that ground in his memorandum of points and authorities. As we see it, there was simply nothing more for Sutter to argue in opposing the new trial motion.

Collins also contends that although he filed his notice of intent after the summary judgment order but before judgment, as permitted by section 659, subdivision 1, he was entitled to amend that notice up to the *latest* time. That would be 15 days after notice of entry of judgment, as provided by section 659, subdivision 2. In this case, the notice of entry of judgment was filed on October 20, and Collins argues that this means his October 28 *reply memorandum* equated to a timely amended notice. Collins fails to explain how filing a new ground in a *reply* memorandum would have given Sutter a fair opportunity to respond to that ground. However, because Collins adequately advised Sutter of the correct ground in his timely memorandum in support of his motion, as shown by Sutter's opposition to that new ground, we need not address Collins's alternate contention.

Collins also contends his motion to vacate apprised Sutter of the correct ground of his motion for a new trial because an "erroneous" judgment that may be vacated under section 663 is analogous to a decision being an "[e]rror in law" under section 657, subdivision 7. (See *Shapiro v. Prudential Property & Casualty Co.* (1997) 52 Cal.App.4th 722, 726–728 [60 Cal.Rptr.2d 698] [upholding trial court decision treating a motion to vacate based on a verdict "contrary to law" as a motion for a new trial based on "error in law"].) Because we find the memorandum of points and authorities on both motions adequately apprised Sutter of the correct ground for a new trial, we need not address Collins's alternate contention regarding the effect of his motion to vacate.

Sutter contends there is no "general equivalency" between a motion to vacate and a motion for a new trial, and argues an invalid motion to vacate is, in effect, a nullity, or "wholly defective." On this point, Sutter relies on *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1573–1576 [85 Cal.Rptr.3d 174] (*Payne*). *Payne* has no application here.

In *Payne*, the plaintiff filed a section 663 motion to vacate after the court sustained a demurrer without leave to amend and entered a judgment of dismissal. (*Payne, Supra*, 167 Cal.App.4th at pp. 1572–1573.) The plaintiff asserted that the trial court had committed legal error in sustaining the

demurrer. The trial court denied the motion. It ruled that the motion was procedurally improper because a judgment of dismissal entered after a demurrer could not be challenged by a motion to vacate. (*Id.* at p. 1573.) Thereafter, the plaintiff filed a notice of appeal, but did so one day after the 60-day period expired. (*Ibid.*) The plaintiff argued that, pursuant to rule 8.108(c) of the California Rules of Court, the time limit for filing the notice of appeal was extended for 30 days after the trial court denied the motion to vacate. On appeal, this court held that the time to appeal is extended under the rule only if the motion to vacate is valid. Reasoning that a motion to vacate may only be brought when the purpose is to move the court to enter a different judgment, this court held that the plaintiff's motion was invalid and did not extend the notice of appeal deadline. (*Payne, supra,* 167 Cal.App.4th at p. 1575.) This court also rejected the plaintiff's suggestion that the trial court should have deemed his motion to vacate a motion for new trial for purposes of extending the deadline for filing a notice of appeal. In rejecting that argument, we noted, "Payne's motion bore no resemblance to a motion for new trial, nor did he list any of the statutory grounds for new trial in his notice of motion." (*Ibid.*)

Here, Collins actually filed a new trial motion in addition to a motion to vacate. He combined his legal arguments on both motions in one section of his memorandum of points and authorities. He contended that the court had made an error of law related to the exclusion of a single body of evidence, the declaration by Dr. Durham. Sutter responded by arguing the two theories to exclude the declaration that it had previously argued in the summary judgment motion. We find *Payne* to be inapposite here.

█ Because Sutter had timely notice of the "[e]rror in law" ground, had an opportunity to oppose that ground, and offered opposition to the error in law, the trial court did not err in granting a new trial on that ground.

### III. Subsidiary Claims

Sutter contends, as it did in the trial court, that the motion to vacate was improper because it did not specify a new judgment to be entered, as required by section 663. Collins did not dispute this in the trial court, and does not dispute it on appeal. (See *Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 202–203 [218 Cal.Rptr. 815]; *Payne, supra,* 167 Cal.App.4th at p. 1575.) Therefore we need not address this contention.

Sutter contends that, if we reverse the new trial order, Collins's failure to file a protective cross-appeal requires reinstatement of the judgment. (See *Sanchez-Corea, supra,* 38 Cal.3d at p. 910.) However, because we affirm the new trial order, we need not address this contention.

## DISPOSITION

The order granting a new trial is affirmed. Sutter shall pay Collins's costs on appeal. (See Cal. Rules of Court, rule 8.278(a)(1) & (2).)

Blease, Acting P. J., and Butz, J., concurred.