Filed 5/22/14  P. v. Samuels CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C072895 |
| v. | (Super. Ct. No. SF110947A) |
| MERRILL EUGENE SAMUELS, | |
| Defendant and Appellant. | |

The People charged defendant Merrill Eugene Samuels with five counts of lewd and lascivious acts on a child under the age of 14 (Pen. Code, § 288, subd. (a))[1] and two counts of oral copulation with a child 10 years old or younger (§ 288.7, subd. (b)).  The

---

[1] Undesignated statutory references are to the Penal Code.

trial court subsequently found defendant incompetent to stand trial[2] and committed him to a state hospital for the maximum term of three years pursuant to section 1370.

Defendant was admitted to Patton State Hospital on October 15, 2009, where he remained for competency training until November 17, 2010, when he was returned to county jail following a determination that he was competent to stand trial. Criminal proceedings were reinstituted.

However, concerns about defendant's competence resurfaced. In July 2012 a jury determined that defendant was incompetent to stand trial. Pursuant to the jury's verdict, the trial court entered a judgment committing defendant to a state hospital for the maximum term of three years pursuant to section 1370. He was admitted to Patton State Hospital for a second time on December 20, 2012.

Defendant now contends the trial court acted in excess of its jurisdiction in recommitting him for the maximum term of three years, because it did not account for the 398 days he had already completed in the state hospital. Defendant claims the trial court should have committed him to the state hospital for no more than 697 days. The Attorney General agrees, and we do too.

We will modify the judgment to provide that defendant is committed to the state hospital for a maximum term of 697 days, and we will affirm the judgment as modified.

DISCUSSION

Section 1370, subdivision (c)(1) provides that three years is the maximum term a person may be committed to a state hospital based on a determination that the person is mentally incompetent to stand trial. (*In re Mille* (2010) 182 Cal.App.4th 635, 643.) "The three-year period . . . applies to the aggregate of all commitments for treatment for incompetency regarding the same charges." (*People v. Reynolds* (2011) 196 Cal.App.4th

---

[2]  Among other things, defendant has been diagnosed with mixed receptive-expressive language disorder and borderline intellectual functioning.

801, 806; *In re Polk* (1999) 71 Cal.App.4th 1230, 1238.) Thus, the trial court must include a defendant's prior commitment on the same charges when calculating a subsequent commitment for incompetency. (*Reynolds*, *supra*, at pp. 807-809.)

Here, defendant's recommitment exceeded the authorized maximum term because it did not account for the time he had already completed in the state hospital for a prior commitment on the same charges. Out of a possible aggregate commitment term of 1,095 days, defendant had already served 398 days of competency training; therefore, the trial court could only recommit defendant for a maximum term of up to 697 days.

## DISPOSITION

The judgment is modified to provide that defendant is committed to the state hospital for a maximum term of 697 days. The judgment is affirmed as modified.


                                                    MAURO          , J.


We concur:


          RAYE          , P. J.


          MURRAY        , J.


3