Filed 10/23/14  West v. Countrywide Home Loans CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| RODERICK WEST, | B246829 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. SC109807) |
| COUNTRYWIDE HOME LOANS, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County; Gerald Rosenberg Judge.  Affirmed.

Ronald A. Norman for Plaintiff and Appellant.

Reed Smith, David S. Reidy, and Matthew J. Brady for Defendant and Respondent.

_____

Appellant Roderick West appeals from a judgment entered after the court sustained a demurrer without leave to amend and ruled his motion for new trial was denied by operation of law. The only issue on appeal is whether the court correctly determined it lacked jurisdiction to grant West's new trial motion because it had not ruled within the statutory 60-day window. We agree with the trial court and thus affirm.

PROCEDURAL SUMMARY

Plaintiff West borrowed $3 million secured by mortgages on his Malibu house and then defaulted. West sued his lender and affiliated entities that we refer to collectively as Countrywide. Countrywide demurred. West filed a first amended complaint in January 2011 rather than oppose the demurrer. Countrywide again demurred and the trial court sustained this demurrer with leave to amend. West filed a second amended complaint in June 2011, and Countrywide again demurred. On July 12, 2011 the trial court orally sustained the demurrer without leave to amend because the statute of limitations barred West's claims.

On July 27, 2011, West filed a notice of intention to move for new trial and/or to modify and/or vacate the judgment.

On July 29, 2011 the trial court signed a proposed order sustaining Countrywide's demurrer without leave to amend but did not enter a judgment.

On August 8, 2011 West filed a motion to move for new trial and/or to modify and/or vacate the judgment.

Around September 2, 2011, West filed "Supplemental Points and Authorities (To Add a Newly Decided Appellate Case) in Support of Motion for New Trial and/or to Modify and/or Vacate the Judgment."

The trial court heard and granted West's motion on December 15, 2011.

The trial court then heard a further Countrywide demurrer on March 22, 2012, which the court sustained in part and overruled in part.

On October 26, 2012, Countrywide moved for judgment on the pleadings or alternatively requested sua sponte reconsideration of the trial court's decision on

2

December 15, 2011 granting West's motion.  The trial court heard and granted Countrywide's motion on December 6, 2012.

The trial court concluded that by December 15 it had lost jurisdiction to grant the motion because it had not acted within the 60-day period required by section 660 of the Code of Civil Procedure[1]:  "Plaintiff [West] filed his Notice of Intention to File a Motion for New Trial on July 27, 2011.  The last day for the court to rule was September 26, 2011.  After that date, the Court lost jurisdiction to grant the Motion."

The court entered a judgment of dismissal that same day.

West filed a notice of appeal on February 4, 2013.  We do not consider the merits of Countrywide's claim that the appeal is untimely because we rule in its favor on other grounds.

DISCUSSION

We review this matter de novo.  (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 166.)

The trial court entered judgment against West because the ruling granting the new trial was made after the 60-day deadline imposed by section 660 had passed.  (§ 660 ["the power of the court to rule on a motion for a new trial shall expire . . . 60 days after filing of the first notice of intention to move for a new trial"].)  Section 660 dictates that a trial court must rule on a motion for a new trial within a 60-day window.  (*Collins v. Sutter Memorial Hospital* (2011) 196 Cal.App.4th 1, 11.)  If the court does not act within this time, "the effect shall be a denial of the motion without further order of the court." (§ 660, 3d par.)  This 60-day deadline is mandatory and jurisdictional.  (*Collins v. Sutter Memorial Hospital*, *supra*, 196 Cal.App.4th at p. 11; *Green v. Laibco, LLC* (2011) 192 Cal.App.4th 441, 447-449.)  A ruling on a new trial motion after the 60-day window is void as beyond the court's jurisdiction.  (E.g., *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 899.)

---

[1] Unless otherwise specified, all citations are to the Code of Civil Procedure.

West filed his notice of intention to file a motion for new trial on July 27, 2011. The last day for the court to rule was September 26, 2011. After that date, the trial court lost jurisdiction and the motion was denied by operation of law.

Clear and longstanding law placed responsibility for observing the 60-day deadline upon West. If a court inadvertently sets the hearing beyond the 60-day window, moving parties like West must act to rectify the looming problem. (See *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 500; *Meskell v. Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 824 ["When [the moving party] is guilty of lack of diligence in the prosecution and presentation of his motion, he cannot complain of the court's inadvertence"].)

West offers three arguments in support of his position that the 60-day deadline does not apply.

First, West argues his supplemental trial court briefing in effect changed his motion for a new trial under section 660 into a motion for reconsideration under section 1008, which faced no 60-day deadline. Countrywide correctly responds that West failed to comply with section 1008's mandatory procedural requirements. (See § 1008, subd. (a) [10-day time limit and affidavit requirements].) West also argues the trial court could have reconsidered its ruling on the court's own motion. But this is not what happened. Rather the trial court expressly disclaimed section 1008 as a basis for its ruling.

Second, West argues his motion was also a "motion to vacate and/or modify" under section 663, and this motion faced no 60-day jurisdictional limit. This argument is invalid because a section 663 motion to vacate judgment was unavailable. *Payne v. Rader* (2008) 167 Cal.App.4th 1569, 1574 held that "a section 663 motion does *not* lie to vacate a judgment following an erroneous ruling on a demurrer." (Italics in original.) West incorrectly argues that *Collins v. Sutter Memorial Hospital*, *supra*, 196 Cal.App.4th 1, 22 and not *Payne* applies here. The *Collins* decision, however, is inapposite. The moving party was Collins, and his notice of intent to move for a new trial cited one ground while the trial court's order granting him a new trial cited a different ground. The *Collins* decision held the inconsistency did not create error because the Hospital party

4

had notice and a fair opportunity to respond to the ground the trial court ultimately adopted.  (196 Cal.App.4th at pp. 16-22.)  The *Collins* decision did not qualify or undermine the *Payne* rule.  West offers no good reason for this court to reject *Payne*.

Third, West suggests the trial court's untimely order granting a new trial was not void but was merely voidable and should be reinstated on grounds of waiver, estoppel, and the policy disfavoring collateral attack.  Countrywide responds that the untimely order indeed was void (*Uzyel v. Kadisha*, *supra*, 188 Cal.App.4th at p. 899) and that void orders are properly subject to direct or collateral attack at any time.  (See, e.g., *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.)  We agree with Countrywide's interpretation.

## DISPOSITION

The trial court's judgment is affirmed.  Costs of appeal to Countrywide.

NOT TO BE PUBLISHED


WILEY, J.[*]

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.