Filed 10/19/15  Marriage of Slovenec CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re Marriage of LUKE and CHRISTINA SLOVENEC. <br><br> LUKE SLOVENEC, <br><br>    Appellant, <br><br>      v. <br><br> CHRISTINA SLOVENEC, <br><br>    Respondent. | G052408 <br><br> (Super. Ct. No. 11D008932) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jonathan Cannon, Judge.  (Retired Judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Appeal dismissed.

Masson & Fatini, Richard E. Masson, Susan M. Fatini-Masson, and Alyson M. Cunny for Appellant.

Christina J. Slovenec, in pro. per., for Respondent.

THE COURT:[*]

Christina J. Slovenec (Respondent) moves to dismiss the appeal by Luke Slovenec (Appellant) as untimely. We agree the appeal is untimely. Appellant's notice of intention to move for new trial filed on April 21, 2015, triggered a 60-day period for ruling on the new trial motion under Code of Civil Procedure section 660. (All further statutory references to a code section are to the Code of Civil Procedure; all references to a rule are to the California Rules of Court.) The new trial motion was denied by operation of law on June 22, 2015, extending Appellant's time to appeal to July 22, 2015. The notice of appeal was not filed until August 7, 2015. Accordingly, we grant Respondent's motion and dismiss the appeal.

PROCEDURAL FACTS

Pursuant to the parties' stipulation, a trial on reserved issues in this dissolution action was held before retired Judge Jonathan Cannon at Judicial Arbitration and Mediation Services (JAMS), who issued a statement of decision on April 8, 2015. Appellant filed and served a notice of intention to move for a new trial on April 21, 2015. He filed his motion for new trial, memorandum of points and authorities, and declaration of counsel (hereafter moving papers) on May 4, 2015. The judgment on reserved issues was entered May 8, 2015, and notice of entry of judgment was mailed by the clerk of the court that same date.

A letter from Judge Cannon attached to Respondent's motion to dismiss the appeal states JAMS received Appellant's moving papers on May 22, 2015. JAMS also received on July 8, 2015, a declaration from Appellant's counsel explaining why the moving papers were not timely filed.

By e-mail dated Wednesday July 8, 2015, Judge Cannon's case manager informed the parties' counsel the motion for new trial was denied and directed

_____

[*]     Before Bedsworth, Acting P. J., Moore, J., and Thompson, J.

2

Respondent's counsel to "prepare the order for [Judge Cannon's] signature and file with the Court." Neither party has provided a written signed order denying the new trial motion. Respondent's moving papers, however, include a notice of ruling filed on July 16, 2015, stating Appellant's motion filed on May 4, 2015, was heard on July 8, 2015, "deemed denied by operation of law," and the trial court found no substantive grounds for granting a new trial.

Appellant's notice of appeal from the judgment on reserved issued was filed on August 7, 2015.

DISCUSSION

Respondent contends the notice of appeal was untimely and the appeal must be dismissed. We agree.

"[T]he filing of a timely notice of appeal is a jurisdictional prerequisite[,]" and unless the notice is timely filed, "'an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.' [Citations.]" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113.) As relevant here, rule 8.104(a)(1) provides "a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves the party filing the notice of appeal with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date either was served[.]" The judgment on reserved issues was entered May 8, 2015, and notice of entry of judgment was mailed by the clerk of the court that same date. Accordingly, the normal time to appeal was 60 days from that date, July 7, 2015, unless that time was extended due to Appellant's new trial motion.

Rule 8.108(b)(1), governs extending time to file a notice of appeal when a new trial motion has been filed. It provides "[i]f the motion for a new trial is denied, the time to appeal from the judgment is extended for all parties until the *earliest* of: [¶] (A) 30 days after the superior court clerk mails, or a party serves, an order denying the

3

motion or a notice of entry of that order; [¶] (B) *30 days after denial of the motion by operation of law*; or (C) 180 days after entry of judgment." (Italics added.)

Respondent argues Appellant's motion for new trial was denied by operation of law on May 1, 2015, when he failed to timely file his moving papers. Section 659a requires moving papers be filed within 10 days after service of the notice of intention to move for new trial, which in this case occurred on April 21, 2015. Appellant contends his moving papers were timely filed on May 4, 2015, because he demonstrated good cause for an extension of time to file them. (§ 659a [up to 10-day extension for good cause].) Appellant argues because his new trial motion was not denied until July 8, 2015, he had an additional 30 days thereafter (i.e., until August 7, 2015) to file his notice of appeal under rule 8.108(b)(1)(A).

The timeliness of Appellant's filing of his moving papers is irrelevant. Section 660 governs the power of the trial court to rule on a motion for new trial. It provides in relevant part, "the power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the clerk of the court pursuant to [s]ection 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, *or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial.* If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court." (Italics added.)

The trial court issued its statement of decision on April 8, 2015, and Appellant agrees he filed his notice of intention to move for a new trial on April 21, 2015, before the May 8, 2015, entry of judgment and service of notice of entry of judgment. (§ 659, subd. (a)(1).) The filing of the notice of intention to move for new trial is the determinative event. (*In re Marriage of Liu* (1987) 197 Cal.App.3d 143, 151 [section 660 "unambiguously provides that the filing of the first notice of intention to

4

move for a new trial is the operative event for determining the 60-day period where notice of entry of judgment 'has not theretofore been given'"]; see *Collins v. Sutter Memorial Hospital* (2011) 196 Cal.App.4th 1, 11 (*Collins*); *Green v. Laibco, LLC* (2011) 192 Cal.App.4th 441, 447-448; *Bunton v. Arizona Pacific Tanklines* (1983) 141 Cal.App.3d 210, 213, 216; see also Wegner et al., California Practice Guide: Civil Trials and Evidence (The Rutter Group 2014) ¶ 18:357, p. 18–84 (rev.# 1, 2014) [60-day jurisdictional clock starts running "on the *first* of these triggering events"; "where notice of intention to move for new trial is filed *before* a notice of entry of judgment, the later notice does *not* trigger a new 60-day period," citing cases].)

Section 660 dictates that the trial court had to rule on Appellant's motion for a new trial within the 60-day window triggered by the filing of his notice of intention to move for new trial on April 21, 2015, i.e., no later than Monday, June 22, 2015. (*Collins, supra,* 196 Cal.App.4th at p. 11.) The 60-day deadline is mandatory and jurisdictional. (*Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 899.) Although the trial court heard the motion on July 8, 2015, its power to rule on the motion had expired, and the motion was denied by operation of law on June 22, 2015. Appellant's normal time to appeal was extended from July 7, 2015 (60 days from service of notice of entry of judgment under rule 8.104(a)(1)), to July 22, 2015 (30 days after denial of new trial motion by operation of law under rule 8.108(b)(1)(B)). His notice of appeal filed until August 7, 2015, was not timely and the appeal must be dismissed.

DISPOSITION

The motion to dismiss is granted; the appeal is dismissed.

5